UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23362-CIV-SCOLA

DAVID LAWRENCE ADDERLEY,
an individual,

    Plaintiff,

vs.

THREE ANGELS BROADCASTING NETWORK, INC., a non-for-profit Illinois corporation, ROY HUNT, JR., an individual, JAMES W. GILLEY, an individual, DANNY SHELTON, an individual, and RICHARD BARRY BENTON, ESQ., an individual,

    Defendants.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

Plaintiff, DAVID LAWRENCE ADDERLEY ("ADDERLEY" or "Plaintiff"), pursuant to Rule 12(b)(6), 9(b), and 8(a) of the Federal Rules of Court Procedure and Local Rule S.D. 7.1(c), files this memorandum of law in opposition to Defendants, THREE ANGELS BROADCASTING NETWORK, INC. ("3ABN"), ROY HUNT, JR. ("HUNT"), JAMES W. GILLEY ("GILLEY"), and DANNY SHELTON ("SHELTON")'s (collectively 3ABN, Hunt, Gilley and Shelton are "Defendants") Motion to Dismiss [DE 75] the Plaintiff's Second Amended Complaint ("SAC") [DE 68], and as grounds therefore, states as follows:

## A. INTRODUCTION

This action arises out of the wrongful conduct of the Defendants in inducing ADDERLEY to execute a Charitable Remainder Unitrust ("CRUT") in favor of 3ABN, as the charitable beneficiary, and three (3) Indentures of Conveyance, which purportedly transferred in excess of 419 acres Bahamian property owned by ADDERLEY, and valued in excess of $32,000,000 to the CRUT for 3ABN's benefit. After ADDERLEY, a legally blind and elderly individual became aware of the actions by 3ABN, ADDERLEY brought the instant suit, and in its SAC filed on May 3, 2019, ADDERLEY seeks, *inter alia*, a declaration, injunctive relief, reformation, actual and punitive damages for their breaches of fiduciary duties, violation of the adult protection statute, civil exploitation, undue influence by active procurement, spoliation, unauthorized practice of law, and negligent and fraudulent actions resulting in the improper conversion of ADDERLEY's property. Defendants filed a Motion to Dismiss, where it incorrectly alleges that Plaintiff's SAC should be dismissed because (1) the delayed discovery doctrine, fraudulent concealment and equitable tolling doctrines do not toll statute of limitations, (2) the claims for spoliation and unauthorized practice of law are not viable, (3) the failure to plead the fraud/misrepresentation claims with particularity, and (4) the failure to allege that adequate legal remedies were not available under the equitable claims.

## B. STANDARD OF REVIEW

It is a rare case that a complaint will be dismissed on the statute of limitations grounds. *Alexander Hamilton Corp. v. Leeson*, 508 So. 2d 513 (Fla. 4th DCA 1987)(the general rule is that the statute of limitations is an affirmative defense that should be raised via an answer instead of by motion to dismiss); *Toledo Park Home v. Grant*, 447 So. 2d

343, 344 (Fla. 4th DCA 1984)(statute of limitations may be raised by motion to dismiss only where its violation appears on the face of the complaint or its exhibits).

Moreover, the threshold of sufficiency a complaint must meet in order to survive a motion to dismiss for failure to state a claim is "exceedingly low." *Broward Garden Tenants Ass'n. v. United States Envtl. Prot. Agency*, 157 F. Supp. 2d 1329, 1337 (S.D. Fla. 2001). The court must deny a motion to dismiss under Rule 12(b)(6), even if recovery is remote and unlikely, unless the plaintiff's factual allegations are so insufficient that the right to relief remains purely speculative. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). The court should not evaluate the veracity or weight of potential evidence on a motion to dismiss. *See Clark v. Potter*, No. 5:07cv41/RS/EMT, 2008 WL 186619, at *1 (N.D. Fla. Jan. 18, 2008) (internal citations omitted). Instead, the court must view the allegations of the complaint in the light most favorable to the plaintiff. *Jackson v. Okaloosa County*, Fla., 21 F.3d 1531, 1544 (11th Cir. 1994). Furthermore, a court must accept all reasonable inferences from the complaint and consider all allegations as true. *Id*. It is well-settled that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss under Rule 12(b)(6) "on the basis of barebone pleadings is a precarious disposition with a high mortality rate" and should be granted with caution. *See Int'l Erectors, Inc. v. Wilhoit Steel Erectors & Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968).

C. **SUMMARY OF ARGUMENT**

The allegations raised in Defendants' Motion to Dismiss the SAC are identical to those raised in its prior Motion to Dismiss the Amended Complaint [DE 21], and Memo in

Opposition to Plaintiff's Motion for Leave to File the SAC [DE 62]. In denying Defendants' argument that the Plaintiff's SAC was futile, the Court HELD:

> Lastly, the Defendants contend that the proposed amended complaint is futile. In support of its assertion, the **Defendants' main argument is that the statute of limitations has run on the Plaintiff's claims**. (ECF No. 62 at 14.) The Defendants state that the "statute of limitations are not tolled" but provide no citation or support for this assertion. (*Id.* at 16.) Upon review, **the Defendants have not presented enough to convince the Court that the Plaintiff's claims, as amended, would necessarily be subject to dismissal**. In other words, the Court is not persuaded that the Defendants have carried their burden in establishing that denying the motion for leave to amend would be justified as futile.

[DE 67](e.s.). For these same reasons, Defendants' Motion to Dismiss must be denied. Defendants' motion raises issues of fact that are appropriate for a jury's determination, and not appropriate to raise at the pleading stage in a motion to dismiss. Accepting all allegations as true, the statute of limitations are tolled under the delayed discovery doctrine, fraudulent concealment and/or equitable tolling doctrines. This is not a case where "plaintiff can prove no set of facts which would entitle him to relief."

Moreover, the fraud counts should not be dismissed because Plaintiff has plead the misrepresentations that Defendants made, and Defendants are on proper notice of the underlying claims alleged against them. In addition, the unauthorized practice of law count should not be dismissed because the SAC alleges actions consistent with those annunciated in *Fla. Bar re Advisory Opinion-Preparation of Living Trusts*, 613 So. 2d 426 (Fla. 1993) and *The Florida Bar v. American Senior Citizens Alliance, Inc.*, 689 So. 2d 255 (Fla. 1997), and the spoliation count can be construed as a third party claim. Finally, although Plaintiff has alleged legal remedies in addition to the equitable counts, Plaintiff is entitled to plead in the alternative. Accordingly, in the same way that the Court ruled that that Defendants'

did not meet their burden that the SAC was futile, the Court should also deny Defendants' motion to dismiss.

### D. ARGUMENT

**I.** *Plaintiff's Cause of Action is Not Barred by the Applicable Statutes of Limitation.*

Defendants' erroneously assert that because the transfer of the Indentures of Conveyance of Property to the CRUT occurred on December 30, 2011 that this action filed on August 17, 2018 is time barred. Although Defendants are correct that the two year, four year and five year statute of limitations apply, the Plaintiff's SAC alleges (i) delayed discovery, (ii) fraudulent concealment and (iii) equitable tolling, all of which apply to toll the statute of limitations, at least at the motion to dismiss stage.

**a. The Delayed Discovery Doctrine.**

Florida follows the "delayed discovery doctrine," which delays the accrual of a cause of action where a plaintiff, through no fault of his own and despite diligent efforts, is unaware of the cause of action. *Butler University v. Bahssin*, 892 So. 2d 1087, 1091 (Fla. 2d DCA 2004). Where a defendant deliberately conceals his scheme, including a fraudulent transfer, a plaintiff cannot be held to have reasonably discovered the fraudulent transfer as a matter of law. *Wiand v. Cloud*, 919 F.Supp. 2d 1319, 1339 (M.D. Fla. 2013).

Defendants admittedly recognize that a cause of action "does not accrue until the plaintiff knows or reasonably should know of the tortious actions giving rise to the [claims]," and that Plaintiff's SAC "proactively alleges that the delayed discovery doctrine applies." [Mot. pp. 9-10] (citing *State Farm Mut. Auto Ins. Co. & State Farm Fire & Cas. Co. v. B&A Diagnostic, Inc.*, 145 F. Supp. 3d 1154, 1170 (S.D. Fla. 2015). Defendants further acknowledge that Plaintiff indeed alleged in the SAC that Plaintiff "did not discover, nor could have discovered through reasonable diligence, Defendants' misconduct

until April 2016 because Defendants used deceptive and secret methods to avoid detection and to affirmatively conceal their fraudulent conduct." *Id.* (citing SAC ¶ 63). Plaintiff further alleges in the SAC that "ADDERLEY was misled and lulled into inaction by the continuous actions, misrepresentations, deceit and fraudulent actions of the Defendants, who continued to make ADDERLEY believe that he and 3ABN were continuing discussions on the donation and/or use of a small portion of his Property . . . ." (SAC, ¶ 2). Based on those allegations alone – ***which must be taken as true*** -- the SAC must not be dismissed.

Defendants erroneously go on to further dispute that Plaintiff has not alleged reasonable diligence sufficient to toll the statute of limitations. However, the question of due diligence must be resolved by the trier of fact. Defendants cite to *Klopfenstein v. Deutsche Bank Sec., Inc.*, 592 F. App'x 812, 816 (11th Cir. 2014) for the proposition that Adderley must allege due diligence. In that case, Klopfenstein received direct notice, and was named as a defendant in another lawsuit, with the same tax shelter transactions, and failed to explain why he could not have filed suit earlier. *Id.* at 815-16. Here, the SAC contains no prior allegations that ADDERLEY was on notice of the action against the Defendants prior to April 2016 when he retained a local Florida attorney. Thus, on the face of the pleadings, Plaintiff did not fail to exercise due diligence, and any questions regarding due diligence is a matter for the trier of fact to resolve. *Id.* (citing *McClung Surveying, Inc. v. Worl*, 247 Ga. App. 322, 324 (2000)). *See also, Berisford v. Jack Eckerd Corp.*, 667 So. 2d 809, 812 (Fla. 4th DCA 1995) (material issues of fact remain to be resolved as to whether plaintiff should have discovered the cause of action through due diligence). Indeed, Defendants' reference to *Armbrister v. Roland Intern. Corp.*, 667 F. Supp. 802 (Fla. M.D. Fla. 1987)

demonstrates that the issue of due diligence was decided on summary judgment, and not on a motion to dismiss.

More importantly, where, as here, there is *a fiduciary and trusted and moral relationship* between the parties, the fiduciary is *estopped* from asserting the statute of limitations as a defense "where a party in such position owes another a duty, fails to fulfill that duty, and also does not disclose the breach to his or her charge. . . ." *Fla. Dept. of Health and Rehabilitative Servs. v. S.A.P*. 835 So. 2d 1091, 1101-02 (Fla. 2002) (specially concurring opinion). See e.g., *Martin v. Consultants & Administrators, Inc*. 966 F. 2d 1078, 1103 (7th Cir. 1992)(concurring)(in the course of a fiduciary relationship, plaintiff is not required to exercise due diligence, and has the right to rely on the fidelity of the agent, and is charged with the duty of revealing the facts to the principal); 37 C.J.S. § 395 (1943) (there is a presumption of fraud when a fiduciary profits at the expense of the one who confides in him). See also, *Harrell v. Branson*, 8596 (Fla. 1st DCA 1977) *cert. denied*, 353 So. 2d 675 (Fla. 1977); *First Fed. Sav. & Loan Ass'n v. Dade Fed. Sav. & Loan Ass'n*, 403 So. 2d 1097 (Fla. 5th DCA 1981)

   b. **Fraudulent Concealment.**

Defendants argument that Plaintiff has not plead facts that show that Defendants concealed the CRUT and transfer of his 419 acres is unavailing. Plaintiff has alleged that Defendants "used deceptive and secret methods to avoid detection and to affirmatively conceal their fraudulent conduct" and that the "misconduct by Defendants was inherently self-concealing, especially given the fact that ADDERLEY is legally blind." (SAC, ¶ 63). Plaintiff has further alleged multiple actions that demonstrate a "deliberate course of conduct" by 3ABN "with the intention of inducing ADDERLEY to transfer his real Property worth millions of dollars to 3ABN," including, but not limited to, the failure to

disclose the contents of the CRUT, and failure to inform ADDERLEY that the documents he signed irrevocably was going to transfer his entire Property to 3ABN. (SAC, ¶ 65a.-i.).

Defendants allege nevertheless that Plaintiff has no cause of action because he has a duty to learn and understand the contents of the instrument before signing it, and yet, here, it was the Defendants themselves who relayed to Plaintiff the contents of the instruments, *which were entirely inaccurate*. Moreover, as indicated above, where a fiduciary relationship exists, Plaintiff is entitled to rely on the fidelity of that person. *Martin v. Consultants & Administrators, Inc*. 966 F. 2d 1078, 1103 (7th Cir. 1992)(concurring)(in the course of a fiduciary relationship, plaintiff is not required to exercise due diligence, and has the right to rely on the fidelity of the agent, and is charged with the duty of revealing the facts to the principal). Therefore, any allegation that Plaintiff did not fulfill his duty to learn the contents of the documents is entirely erroneous.

Likewise, the allegation that 3ABN "excluded" Plaintiff "every day" from the use and possession of the Property has nothing to do with Plaintiff's knowledge of the actions of the Defendants relating to the CRUT and Indentures of Conveyance. As alleged in the SAC, Plaintiff did not become aware of the underlying transfers of property until April 2016 when he retained an estate planning attorney. (Compl. ¶ 50). *See, Spadaro v. City of Miramar*, 855 F.Supp. 2d 1317 (S.D. Fla. 2012) (Florida law recognizes that a statute of limitations may be equitably tolled based on the defendant's fraudulent concealment); *Major League Baseball v. Morsani*, 790 So. 2d 1071 (Fla. 2001); *Am. Home Assur. Co. v. Weaver Aggregate Transport, Inc.*, 89 F.Supp. 3d 1294 (M.D. Fla. 2014); *35 Fla. Jur. 2d Limitations and Laches § 92* – Fraudulent concealment of cause of action.[1]

---

[1] Parenthetically, it should be noted that most cases addressing "active concealment" and "self-concealing" wrongs often focus on a single wrongful episode, however, an ongoing pattern of activity may include



Finally, Defendants entirely minimize the fact that Adderley is blind and elderly; however, the State of Florida has placed extra statutory protections due to their vulnerability against those who try to take advantage of their disability.  Although there is an entirely separate statutory count brought under Section 772.11 of the Florida Statutes for civil exploitation of elderly and disabled adult in the SAC, these facts are equally relevant to the tolling of the statute of limitations.  "Exploitation of an elderly person or disabled adult" is defined as:

> (a) Knowingly obtaining or using, or endeavoring to obtain or use, an elderly person's or disabled adult's funds, assets, or property with the intent to temporarily or permanently deprive the elderly person or disabled adult of the use, benefit, or possession of the funds, assets, or property, or to benefit someone other than the elderly person or disabled adult, by a person who:
>    1. Stands in a position of trust and confidence with the elderly person or disabled adult; or
>    2. Has a business relationship with the elderly person or disabled adult;
> . . . .
> (c) Breach of a fiduciary duty to an elderly person or disabled adult by the person's guardian, trustee who is an individual, or agent under a power of attorney which results in an unauthorized appropriation, sale, or transfer of property. An unauthorized appropriation under this paragraph occurs when the elderly person or disabled adult does not receive the reasonably equivalent financial value in goods or services, or when the fiduciary violates any of these duties:

§ 772.11, Fla. Stat.  For Defendants to intentionally misrepresent the contents of estate planning documents and real estate transfers to a disabled and elderly adult, and then allege that they are nevertheless not liable because he did not find out about the fraud within the statute of limitations, is completely erroneous and contrary to underlying public and social and equitable principles of law.

---

wrongful acts which both actively conceal an original wrong and, at the same time, establish elements of a violation itself. *See e.g. Supermarket of Marlington v. Meadow Gold Dairies*, 71 F.3d 119, 122 (4th Cir. 1995) (antitrust case recognizing that "affirmative acts" that *conceal* violation may also be *part* of violation).



c. **Equitable Tolling.**

Defendants' argument on equitable tolling is similar to their argument on fraudulent concealment. For the same reasons stated above, Defendants' argument on equitable tolling fails. The SAC sufficiently alleges the misrepresentations that Defendants made to Plaintiff, an elderly and legally blind individual, as to the contents of the CRUT and the Indentures of Conveyance, and Plaintiff was entitled to rely on Defendants' representations as to the contents of the documents as they were acting in a fiduciary and trusted position. As such, Defendants attempt to thwart this action based on the statute of limitations must fail.[2]

d. **Equitable Estoppel**

In addition, equitable estoppel applies under the factual circumstances of this case to entirely bar Defendants from relying on the statute of limitations defense. Equitable estoppel is not a "tolling" or "accrual" doctrine. *See Morsani supra.* The "prime purpose of the doctrine of equitable estoppel is to prevent a party from profiting from his or her wrongdoing." *Fla. Dept. of Health & Rehab. Servs. V. S.A.P.*, 835 So. 2d 1091 (Fla. 2003).

Equitable estoppel differs from other legal theories that may operate to deflect the statute of limitations, such as accrual, tolling, equitable tolling, and waiver.[3] As the

---

[2] "Equitable Tolling" involves no misconduct on the part of defendant and may delay or toll the statute of limitations period based on plaintiff's blameless ignorance and the lack of prejudice to the defendant. *See, Morsani*, 790 So.2d at 1076 n. 11. Put another way, the equitable tolling doctrine does not require active deception or misconduct. *See, 8 Fla. Practice Series § 17:2* – Doctrine of equitable tolling. Generally, equitable tolling occurs where the plaintiff has been lulled into inaction. *See Abusalameh v. Dep't of Business Regulation, Div. of Alcoholic Beverages and Tobacco*, 627 So. 2d 560 (Fla. 4th DCA 1993).

[3] It should be specifically noted that Fla. Stat. § 95.051:
> [D]oes not trump the doctrine of equitable estoppel. This Court has recognized equitable estoppel as a bar to a statute of limitations defense both prior to passage of the tolling provision in section 95.051 and after passage and has recently limited the reach of the tolling proscription by distinguishing "tolling" from "accrual." Florida's district courts have approved equitable estoppel as a bar to the status of limitations and federal courts have ruled similarly.

*S.A.P. supra*.




Seventh Circuit, in *Bomba v. W.L. Belvidere, Inc.*, 579 F.2d 1067, 1070 (7th Cir. 1978), stated:

> Equitable estoppel is a different matter. It is not concerned with the running and suspension of the limitations period, but rather comes into play only after the limitations period has run and addresses itself to the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period.

The doctrine of estoppel is applicable in all cases where one, by word, act or conduct, willfully caused another to believe in the existence of a certain state of things. Here, the SAC alleges that Plaintiff discussed facilitating the donation of a small portion of his Property, and not 419 acres. (SAC, ¶ 38). The misrepresentation by Defendants induced Plaintiff to act in reliance on the Defendants' misrepresentation to his detriment and injury. As the Florida Supreme Court stated, "[l]ogic dictates that a defendant cannot be taken by surprise by the late filing of a suit when the defendant's own actions are responsible for the tardiness of the filing." *S.A.P. supra*.

e. **Continuing Torts.**

The continuing torts doctrine is recognized under Florida law. *Suarez v. City of Tampa*, 987 So. 2d 681, 685 (Fla. 2d DCA 2008) (citing *Halkey-Roberts Corp. v. Mackal*, 641 So.2d 445, 447 (Fla. 2d DCA 1994)). Where the doctrine applies, a plaintiff may recover damages for tortious acts committed within the limitations period prior to the filing of suit. *Id*. (citing *Seaboard Air Line R.R. Co. v. Holt*, 92 So.2d 169 (Fla.1957); *Kulpinski v. City of Tarpon Springs*, 473 So.2d 813 (Fla. 2d DCA 1985)). "A continuing tort is 'established by continual tortious acts, not by continual harmful effects from an original, completed act.'" *Id*. (citing *Horvath v. Delida*, 213 Mich.App. 620, 540 N.W.2d 760, 763 (1995)).

As indicated, *infra, Part II.*, Plaintiff has alleged **continuing torts** of Defendants subsequent to the date that the CRUT and Indentures of Conveyances were signed in 2011, and as such, the date of accrual of the cause of action for each continuing tort begins on the date of each such tort action, and Plaintiff is allowed to pursue damages for those continuing torts committed within the limitations period. For example, the SAC alleges that in April 2016, the Defendants promised Adderley that he would receive $900,000 per year since the inception of the CRUT, and each and every quarter thereafter, Defendants failed to fund the CRUT or convert it to productive assets and distribute funds to Adderley. (SAC, ¶ 69a.-k.). Accordingly, the Court should consider these torts in considering the applicable statute of limitations.

## II.     Plaintiff's Claim for Unauthorized Practice of Law is a Viable Cause of Action

The Florida Supreme Court has held that the "assembly, drafting, execution and funding of living trust document constitute practice of law . . . ." *Fla. Bar re Advisory Opinion-Preparation of Living Trusts*, 613 So. 2d 426 (Fla. 1993). Defendants erroneously equate their conduct with the "gathering" of information, which is an inaccurate statement of the allegations in the SAC. Rather, answering specific legal questions, determining the appropriateness of a trust based on a customer's particular needs and circumstances, assembling, drafting, executing documents and funding trusts constitute the unauthorized practice of law. *The Florida Bar v. American Senior Citizens Alliance, Inc.*, 689 So. 2d 255 (Fla. 1997). Moreover, the Court recognized that the unauthorized practice of law for "entering the homes of its elderly victims and giving legal advice rather than merely gathering information." *Id*. This is the exact conduct that Plaintiff alleged that 3ABN and HUNT engaged in. [DE 57-1, ¶ 60, 61, 290-294].

### III. Plaintiff's Claim for Negligent Spoliation is a Viable Cause of Action

A spoliation claim arises against a defendant when that defendant breaches a duty to preserve evidence resulting in the destruction of a plaintiff's cause of action *against a third party*. *Shilan v. Allstate Ins. Co.*, 236 F.Supp.2d 1303 (N.D. Fla. 2002). A duty to preserve evidence arises when a party anticipates litigation, as well as after a lawsuit is filed. *Id*. The parties have agreed that at least by March 26, 2018, the parties anticipated litigation. [DE 24, p. 5]. Defendants have informed this Court that, at times subsequent to March 26, 2018, Benton represented 3ABN and was acting as its attorney. Thus, at all times, Benton and 3ABN had a duty to preserve evidence in its possession, custody or control; however, the file was intentionally removed from Mr. Leggett's possession on April 5, 2018 and there were documents that Benton removed from the file (including an intake form and telephone notes) sometime between April 5, 2018 and December 11, 2018. [DE 57-1, ¶ 304-306]. Although 3ABN preserved the computer file, it did not preserve the physical file. Benton's failure to preserve evidence has resulted in impairment of Plaintiff's cause of action against the Defendants, and 3ABN's failure to preserve evidence (in the possession custody and control of its attorney) has resulted in impairment of its cause of action against Benton, and thus, constitutes a third party claim for spoliation.[4]

### IV. Plaintiff's Professional Negligence Claim Against Hunt is not Barred by the Two (2) Year Statutes of Limitations.

Plaintiff agrees that the SAC alleges that Adderley was first on notice of the fact that the CRUT and the Indentures of Conveyance in April 2016, and this action was not filed until August 2018. However, Plaintiff has alleged other continued actions of HUNT that constitute professional negligence *subsequent to April 2016.* (See allegations in SAC,

---

[4] Alternatively, should the Court consider the allegations a first party spoliation claim, then the Court should sanction 3ABN and Benton for its spoliation of documents.



¶¶ 69 a)-k)).  As such, the cause of action for the continuing torts begins on the last day of each such act, which would include through the date this action was actually filed.  *See, supra*, Part D.I.d.    Thus, the two year professional negligence counts are not barred because the action giving rise to the negligence occurred within the last two years, *i.e.,* failure to timely complete the sale of the Property and distribute income to Plaintiff.  [DE 57-1, ¶ 211].

V.     **Plaintiff Adequately Plead the Fraud/Misrepresentation Claims with Particularity in accord with Rule 9(b).**

Defendants allege that because Plaintiff's SAC lacks the "location" of the misrepresentation and the "exact language" that Plaintiff has not met the heighted standard under Rule 9(b) pleading.  "While mere conclusory allegations of fraud will not satisfy Rule 9(b), allegations which provide a reasonable delineation of the underlying acts and transactions allegedly constituting the fraud are sufficient."  *In re Checkers Securities Litigation*, 858 F. Supp. 1168 (M.D. Fla. 1994)(*citing First Union Brokerage v. Milos*, 717 F.Supp. 1519, 1522 (S.D.Fla.1989)).

Here, Plaintiff has alleged with sufficient particularity the misrepresentations made by Defendants, the underlying acts and transactions, and have indicated that the misrepresentations were made at the time of the signing of the CRUT and Indentures of Conveyance.  (See allegations in SAC, ¶¶ 65 a)-i)).  The date of the execution of the CRUT and the Indentures of Conveyance is also alleged.  (See allegations in SAC, ¶¶ 69 a)-k)).  This is not a situation where Plaintiff has only made general allegations that constitute the elements of fraud, and fails to allege even one misrepresentation.  Rather, the allegations raised against the Defendants are sufficient to put them on notice of the fraudulent activities

and misrepresentations well as the nature of the underlying transactions, and thus, the Defendants' motion to dismiss under Rule 9(b) fails.

VI. *Plaintiff's Equitable Claims Should not be Dismissed Because Plaintiff has Alleged Legal Remedies.*

The Federal Rules of Civil Procedure expressly permit a Plaintiff to plead in the alternative. Fed. R. Civ. P. 8(d). *See also, Adelphia Cable Partners, Inc. v. E & A Beepers Corp.*, 188 F.R.D. 662, 666 (S.D. Fla. 1999)("Although equitable relief ultimately may not be awarded where there exists an adequate remedy at law, Plaintiff certainly may plead alternative equitable relief.")

Moreover, the cases cited by the Defendants support the Plaintiff's position that the issue of whether an equitable remedy prevails is a factual issue. The first case cited by the Defendants, *Liza Danielle, Inc. v. Jamko, Inc.*, 408 So. 2d 735, 738 (Fla. 3d DCA 1982) involved a final judgment for permanent injunction, and indeed, demonstrates that both legal and equitable remedies were considered beyond the pleading stage. In addition, the Southern District case cited by Defendants, *Mobil Oil Corp. v. Dade Cty. Esoil Mgmt. Co.*, 982 F. Supp. 873, 880 (S.D. Fla. 1997), involved equitable remedies in a breach of contract action. There, the Southern District recognized that a motion to dismiss was premature as it was only upon **proving** that an express contract exists that the unjust enrichment and promissory estoppel counts would fail. *Id*. Likewise, here, the Court must consider **evidence** as to whether the CRUT and Indentures of Conveyance were validly executed before determination of whether the equitable remedies are applicable.

Here, Plaintiff is entitled by the Federal Rules of Civil Procedure to plead in the alternative, and the legal remedies plead in the SAC do not prohibit him from raising equitable remedies. Thus, the Court must deny Defendants' motion to dismiss.

**WHEREFORE**, Plaintiff, DAVID LAWRENCE ADDERLEY, respectfully requests that this Court deny Defendants' Motion to Dismiss, and any further relief the Court deems just and proper.

>Respectfully submitted,
>**SAAVEDRA | GOODWIN**
>*Attorneys for Plaintiff*
>312 SE 17th Street, 2nd Floor
>Fort Lauderdale, FL  33316
>Tel: 954-767-6333
>Fax:  954-767-8111
>
>BY:  ___/s/ Diane J. Zelmer_____
>        Diane J. Zelmer, Esq.
>        Fla. Bar No. 27251
>        Email: DZelmer@saavlaw.com
>        Ross D. Kulberg, Esq.
>        Fla. Bar No. 44398
>        Email: RKulberg@saavlaw.com
>        Glen M. Lindsay, Esq.
>        Fla. Bar No. 59200
>        Email: GLindsay@saavlaw.com
>        Service Email: eservice@saavlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served electronically via the Court's ECF system upon all counsel listed in the below service list on this 17th day of May 2019.

**SAAVEDRA | GOODWIN**
*Attorneys for Plaintiff*
312 SE 17th Street, 2nd Floor
Fort Lauderdale, FL  33316
Tel: 954-767-6333
Fax: 954-767-8111

BY: ___/s/ Diane J. Zelmer_____
       Diane J. Zelmer, Esq.
       Fla. Bar No. 27251
       Email: DZelmer@saavlaw.com
       Ross D. Kulberg, Esq.
       Fla. Bar No. 44398
       Email: RKulberg@saavlaw.com
       Glen M. Lindsay, Esq.
       Fla. Bar No. 59200
       Email: GLindsay@saavlaw.com
       Service Email: eservice@saavlaw.com

## SERVICE LIST

| | |
|---|---|
| Timothy R. Schupp, Esq. <br> M. Gregory Simpson, Esq. <br> Timothy W. Ridley, Esq. <br> Robert W. Vaccaro, Esq. <br> ***Counsel for Defendants, Three Angels Broadcasting, Inc., Roy Hunt, Jr., James W. Gilley and Danny Shelton*** <br> MEAGHER & GEER, P.L.L.P. <br> 33 South Sixth Street, Suite 4400 <br> Minneapolis, Minnesota 55402 <br> Phone: (612) 337-9672 <br> Email: tschupp@meagher.com <br> Email: gsimpson@meagher.com <br> Email: tridley@meagher.com <br> Email: gsimpson@meagher.com <br> Email: aditty@meagher.com | Raymond L. Robin, Esq. <br> D. David Keller, Esq. <br> ***Counsel for Defendants, Three Angels Broadcasting, Inc., Roy Hunt, Jr., James W. Gilley and Danny Shelton*** <br> KELLER LANDSBERG PA <br> Broward Financial Centre <br> 500 East Broward Boulevard, Suite 1400 <br> Fort Lauderdale, FL 33394 <br> Telephone: (954) 761-3550 <br> Email: raymond.robin@kellerlandsberg.com <br> Email: david.keller@kellerlandsberg.com <br> Email: rita.vanarsdale@kellerlandsberg.com |
| Jonathan Vine, Esq. <br> Ryan M. Ranson, Esq. <br> ***Counsel for Defendant, Richard Barry Benton, Esq.*** <br> COLE, SCOTT & KISSANE, P.A. <br> 222 Lakeview Ave., Suite 120 <br> West Palm Beach, Florida 33401 <br> jonathan.vine@csklegal.com <br> ryan.ranson@csklegal.com <br> Telephone: (561) 383-9200 <br> Facsimile: (561) 683-8977 | |