UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DAVID LAWRENCE ADDERLEY,
an individual,                                                    Case No.: 1:18-cv-23362-RNS

      Plaintiff,

v.

THREE ANGELS BROADCASTING
NETWORK, INC., a non-for-profit foreign
corporation, ROY HUNT, JR., an individual,
JAMES W. GILLEY, an individual, DANNY
SHELTON, an individual, and RICHARD
BARRY BENTON, ESQ., an individual,

      Defendants.

_____/

## PLAINTIFF, DAVID LAWRENCE ADDERLEY'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE WITH INCORPORATED MEMORANDUM OF LAW

      Plaintiff, DAVID LAWRENCE ADDERLEY ("Plaintiff"), by and through his undersigned counsel, hereby files this response to Court's Order to Show Cause "why the trustee of the Charitable Remainder Unitrust is not an indispensable party to this lawsuit and should not be joined under Federal Rule of Civil Procedure 19 and to establish the trust and trustee's citizenship for diversity jurisdiction" ("Order to Show Cause") [DE 111], and in support therefore, states as follows:

### A.      INTRODUCTION

      1.      In his Second Amended Complaint ("SAC"), Plaintiff alleges that Federal Court has jurisdiction over this cause based on the diversity of citizenship of the parties, and the good-faith belief that the amount in controversy exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. §1332.  [DE 68, ¶ 9].

Adderley v. 3ABN et. al.
Plaintiff's Response to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page 2 of 14

2.      The Plaintiff is a citizen of the State of Florida.  [DE 68, ¶ 1].  Plaintiff is **not** the current Trustee.  Plaintiff was named as the initial Trustee of the Charitable Remainder Unitrust ("CRUT"), but according to the Resignation of Trustee which purports to include ADDERLEY's signature, ADDERLEY resigned only five (5) months later, and never carried forth any official duties of the CRUT.  [DE 68, ¶ 31].

3.      Defendant, Three Angels Broadcasting, Inc. ("3ABN") is a citizen of the State of Illinois.

4.      Defendant, JAMES W. GILLEY, as authorized representative of 3ABN, became the successor Trustee of the Charitable Remainder Unitrust ("CRUT") on or about January 26, 2012.  GILLEY is a citizen of the State of California.  [DE 68, ¶¶ 6, 33].

5.      On or about July 2015, Defendant, DANNY SHELTON became the acting President and CEO and authorized representative of 3ABN, and replaced GILLEY as successor Trustee.  [DE 68, ¶¶ 6, 35].  SHELTON is a citizen of Illinois.

6.      Defendant, RICHARD BARRY BENTON, is a citizen of the State of Georgia.  [DE 68, ¶ 8].

7.      On July 31, 2019, this Honorable Court issued, *sua sponte*, an Order to Show Cause, requesting the parties:

   a.  "to show why the trustee of the Charitable Remainder Unitrust is not an indispensable party to this lawsuit and should not be joined under Federal Rule of Civil Procedure 19"; and

   b.  directing the parties "to establish the trust and trustee's citizenship for diversity jurisdiction purposes."  [DE 111].

Adderley v. 3ABN et. al.
Plaintiff's Response to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **3** of **14**

## B.     <u>SUMMARY OF POSITION</u>

The named successor trustee, 3ABN, and its authorized representatives, GILLEY and SHELTON, are all indispensable parties to this lawsuit, who have been added as party defendants. Thus, the named indispensable trustees have all been joined in this lawsuit.

For diversity purposes, the citizenship of the CRUT is the citizenship of the trustee, and not that of the trust. 3ABN is a citizen of Illinois, GILLEY is a citizen of California and SHELTON is a citizen of Illinois. Thus, the successor trustees, who are all named as defendants in this action, are all citizens of different states than the Plaintiff.

The only trustee that has not been named as a party defendant is Plaintiff, who served as the former trustee. However, for diversity purposes, the Court considers the citizenship of the current successor trustee and not the former trustee. Although the Plaintiff was named as the ***initial trustee*** of the CRUT, Plaintiff is not an indispensable party as a trustee defendant because he is not the current trustee. Moreover, Plaintiff never performed any duties as initial trustee, did not understand he was signing a CRUT, or resigning as Trustee, and thus, would be equivalent to a "naked trustee" whose citizenship is not considered for diversity purposes. Plaintiff currently has no control over the CRUT property. More importantly, Plaintiff is already a party to this action as an individual.

Even if Plaintiff, as the initial trustee, was an indispensable party, upon review of the four factors set forth under Rule 19, this Court should find that all factors weigh against dismissal of this action because this Court, in equity and good conscience, can proceed without naming Plaintiff, as initial trustee, as a party defendant.

{00264718.DOCX. 1 }

Adderley v. 3ABN et. al.
Plaintiff's Response to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **4** of **14**

## C.    MEMORANDUM OF LAW

**I.**    **The Successor Trustees, 3ABN, and its authorized representatives, GILLEY and SHELTON, are Indispensable Parties to the Lawsuit and have been Joined under Fed. R. Civ. P. 19.**

Pursuant to Fed. R. Civ. P. 19:

**(a) Persons Required to Be Joined if Feasible.**

**(1)** *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
**(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
**(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
**(i)** as a practical matter impair or impede the person's ability to protect the interest; or
**(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The Southern District has held:

The general rule under Florida law is that "a trustee is an indispensable party to an action affecting the corpus or assets of the trust, without whom the action cannot proceed." *See, Loewer v. New York Life Ins.Co.,* 773 F.Supp. 1518, (M.D.Fla.1991) (finding trustee who was not in existence at time of action was not indispensable) (citing *First Nat'l Bank of Hollywood v. Broward Nat'l Bank of Fort Lauderdale,* 265 So.2d 377 (Fla. 4th DCA 1972)); *Warshaw v. Local No. 415, Int'l Ladies' Garment Workers' Union,* 325 F.2d 143, 145 (5th Cir.1963).

*Barbachano v. Standard Chartered Bank Intern. (Americas) Ltd.*, 2014 WL 29595 (Fla. S.D 2014).

The Successor Trustees, 3ABN, and its authorized representatives, GILLEY and SHELTON, are all named as party defendants in this action, and thus, all indispensable parties have been joined in accord with Fed. R. Civ. P. 19.

**II.**    **The Citizenship of the CRUT is that of its Trustee, 3ABN, and its authorized representatives, GILLEY and SHELTON.**

Adderley v. 3ABN et. al.
Plaintiff's Response to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **5** of **14**

It is well-settled that, where as here, a traditional trust is involved, courts look to the citizenship of the trustees, and not the trust for purposes of determining diversity. *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719 (2nd Cir. 2017)(citing *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980); *Carden v. Arkoma Associates*, 494 U.S. 185 (1990); *Americold Realty Trust v. Conagra Foods, Inc*., 136 S.Ct. 1012 (2016). *See also*, *Chase Manhattan Mortg. And Realty Trust, Boston, Massachusetts v. Pendley*, 405 F. Supp. 593, 594 (N.D. Ga 1975)(if treated as a traditional trust, citizenship is deemed to be that of each of its trustees); *GBForefront, L.P. v. Forefront Management Group, LLC*, 888 F. 3d 29, 39 (3d DCA 2018)(citizenship of a traditional trust is only that of its trustee, while that of a business entity called a trust is that of its constituent owners).  In *Loubier*, analyzing three cases of Supreme Court precedent on this issue, the Second Circuit stated:

> In cases involving traditional trusts, and absent anything to the contrary in either the trust instruments or state law, a party does not really have the option of suing either the trust in its own name or its trustee. The action can be maintained only against the trustee. We do not understand *Americold* to hold that where a traditional trust is mistakenly identified as a party even though, by its nature, it can only sue or be sued in the name of its trustee, diversity jurisdiction is properly identified by reference to persons other than the trustee. It is precisely because traditional trusts cannot sue or be sued except through their trustees that the named party trusts must be deemed only proxies for their trustees and, thus, it is the trustees' citizenship that must inform any diversity determination.

*Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 731 (2d Cir. 2017).  In addition, generally, a trust is not a necessary or indispensable party where the trustee is named as a party. *See, e.g., W. Life Trust v. State*, 536 N.W.2d 709, 712 (N.D.1995) (trustee is real party in interest); *Colo. Springs Cablevision, Inc. v. Lively*, 579 F.Supp. 252, 254 (D.Colo.1984) (trustee was properly named defendant and trust therefore was not indispensable); *Buerki v. Lochner*, 570 So.

Adderley v. 3ABN et. al.
Plaintiff's Response to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **6** of **14**

2d 1061 (Fla. 2d DCA 1990)(trustee holds legal title to trust property and is real property in interest).

For diversity purposes, all plaintiffs must be citizens of states diverse from all defendants. *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719 (2nd Cir. 2017). Here, there is no question that the Plaintiff has complete diversity of citizenship with the indispensable named party defendant successor trustees. Plaintiff is a citizen of Florida; Defendants 3ABN and SHELTON are citizens of the State of Illinois, and GILLEY is a citizen of the State of California. Thus, for diversity purposes, all named defendant trustees are citizens of different states than Plaintiff.

### III.    The Citizenship of the Successor Trustee, and not the Initial Trustee, is Utilized by the Court for Determining Diversity Jurisdiction

For purposes of determining diversity jurisdiction, courts consider the citizenship of the successor trustee, and not the initial trustee. *See, e.g., Wells Fargo Bank Minn., N.A. v. El Comandante Capital Corp*., 332 F.Supp.2d448 (D. Puerto Rico 2004)(holding that creation of diversity jurisdiction existed despite transfer of appointment from Banco Popular as trustee to successor trustee Wells Fargo); *In re Appropriation by City of Bethlehem of Property of Fox,* (E.D. Penn. 1960)(considering citizenship of new successor trustee for purposes of holding that diversity jurisdiction existed); *Barnes v. Brandrup*, 506 F.Supp. 396 (D.D. New York 1981)(action brought against successor trustee and not original trustee). *See also*, *Sheldon v. Trust Co. of Virgin Island, Ltd*., 535 F. Supp. 667 (D. Puerto Rico 1982)(settlor-beneficiary is not necessary nor indispensable since successor trustees have been designated). Accordingly, the citizenship of 3ABN, and its authorized representative, SHELTON, are determined for diversity purposes.

### IV.    Plaintiff, in His Capacity as Initial Trustee of the CRUT, is Not an Indispensable Party to the Lawsuit Under Rule 19.

Adderley v. 3ABN et. al.
Plaintiff's Response to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **7** of **14**

Although Plaintiff believes that the Sections above in Parts I to III responds fully to the Order to Show Cause, in an abundance of caution, Plaintiff responds further since the only trustee that was is not named as a party is the Plaintiff, as the initial trustee under the CRUT. However, Plaintiff is already a party to this action. Further, Plaintiff, in his capacity as initial trustee, is not an indispensable party.

> Indispensable parties are necessary parties so essential to a suit that no final decision can be rendered without their joinder. This is in contrast to other necessary parties, who have an interest in a suit and ought to be made parties, but who do not have to be joined before a final decision may be rendered. A final decision will bind those parties joined in the *428 suit, but will have no effect on the rights of necessary but unjoined parties.

*Sudhoff v. Federal Nat. Mortg. Ass'n*, 942 So. 2d 425, 427-428 (Fla. 5th DCA 2006).

A "naked trustee" who serves as a "mere conduit" is not an indispensable party. *Minogue v. Modell*, 2006 WL 1704932 (N.D. Ohio 2006). Moreover, a party is deemed indispensable under Rule 19 "'only if, in his absence, (1) the absentee is likely to be harmed, (2) one of the parties may be subject to multiple or otherwise inconsistent obligations, or (3) complete relief cannot be accorded to the parties.'" *Bowling Transp., Inc. v. N.L.R.B.*, 352 F.3d 274, 282 (6th Cir. 2003)(citing *Doug Neal Mgmt.*, 620 F.2d at 1138 (quoting *Nationwide Auto Transporters v. Morgan Driveaway, Inc.*, 441 F.Supp. 755, 757 (S.D.N.Y.1977)). None of these factors apply here.

First and foremost, Plaintiff is already a named party as the plaintiff, individually, in this matter, and thus, the case will not proceed in his absence. Second, there is no concern that there will be multiple or inconsistent obligations or that complete relief cannot be afforded among the parties. Plaintiff only was a named trustee for a very short period of time, never performed any duties as initial Trustee as he did not even understand he signed a CRUT or was the named trustee,

Adderley v. 3ABN et. al.
Plaintiff's Response to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **8** of **14**

and thus, if anything, was no more equivalent than to a "naked trustee." Under the circumstances of this case, Plaintiff, in the capacity of initial trustee, is not the current trustee, and not an indispensable party.

       *a. Plaintiff, in his capacity as Initial Trustee, Falls Within the Exception to the General Rule that a Trustee is an Indispensable Party.*

Although Florida adheres to the general rule that a trustee is an indispensable party to litigation involving the validity of the trust,[1] Courts have recognized certain exceptions. *See, Douglas Prop. v. Stix*, 118 Fla. 354, 368 (Fla. 1935) (Trustee who had resigned as authorized by trust deed held not necessary party to remaining trustee's foreclosure suit); *Sparling v. Boca Raton Land Development, Inc.*, 438 So. 2d 413 (Fla. 4th DCA 1983) (In a quiet title action, the intermediary transferors were not necessary parties since the current action was to determine the rights between the current landowner and the subsequent land owner); *Limouze v. M. M. & P. Mar. Advancement, Training, Ed. & Safety Program*, 397 F. Supp. 784, 791 (D. Md. 1975)(trustee need not be joined as a defendant in a suit by creditor on a contract).

In this particular situation, although Plaintiff was named under the CRUT as an initial trustee, he performed no duties as trustee, did not understand that he had previously signed a CRUT, nor that he was resigning as Trustee of the CRUT [DE 68, ¶ 31]. Shortly after the execution of the CRUT, Plaintiff was replaced as of January 24, 2012 by 3ABN, and its authorized representatives, GILLEY and SHELTON, all of who are named defendants in this matter. Moreover, the interests of Plaintiff, as initial trustee, are not being challenged in the lawsuit. *See, Garner v. Pearson*, 374 F.Supp. 580 (M.D. Fla. 1973) (where interests of beneficiaries are not being attacked, beneficiary

---

[1] *Hanson v. Denckla*, 357 U.S. 235, 245 (1958); *Trueman Fertilizer Co. v. Allison*, 81 So. 2d 734, 738 (Fla. 1955); *Winn v. Strickland*, 34 Fla. 610 (Fla. 1894); *Wilson v. Russ*, 17 Fla. 691, 697 (Fla. 1880).

Adderley v. 3ABN et. al.
Plaintiff's Response to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **9** of **14**

is not an indispensable party).   Thus, Plaintiff falls squarely within the exception of an

indispensable party because he is not the current trustee.

> b.   *Plaintiff, as the Initial Trustee Has No Legal Title in a Trust and is Therefore not an Indispensable Party.*

All holders of legal title to property are indispensable parties.   *Lee v. Cole*, 46 So.3d 612 (Fla.

2d DCA 2010).   A trustee who holds legal title to trust property is a real party in interest.   *See also,*

*Buerki v. Lochner*, 570 So. 2d 1061 (Fla. 2d DCA 1990).   *But see, In re Waters*, 8 B.R. 163 (N.D.

Ga 1981)(where debtor no longer has an interest in the property which is the subject matter of the

proceeding, it is difficult to see how its rights will be injured).

Plaintiff, in his capacity as initial trustee of the CRUT, has no legal title in the CRUT and does

not have any control over CRUT property; as of January 24, 2012, 3ABN, and its authorized

representative, GILLEY became trustee, and thereafter, SHELTON stepped in as the authorized

representative.   The current trustee, 3ABN, and its authorized representatives, GILLEY and

SHELTON, are the real parties in interest, and (to the extent the Court renders the CRUT valid)

holds the legal title in the CRUT for the exclusive benefit of the trust beneficiaries.

> c.   *Alternatively, if Plaintiff is Found to be an Indispensable Party, the Court Can Proceed in His Absence When Joinder is Not Feasible.*

Here, even if Plaintiff were found to be an indispensable party defendant as the initial trustee,

joinder is not feasible because in essence, Plaintiff would be filing suit against himself.   Where

joinder is not feasible, the Court must determine whether "in equity and good conscience" this

action should proceed without him. Fed. R. Civ. P. 19(b).   *Ranger Fuel Corp. v. Youghiogheny &*

*Ohio Coal Co*., 677 F.2d 378, 380 (4th Cir. 1982)(where a party cannot be joined without

destroying diversity jurisdiction, the Court should consider whether in equity and good conscience

Adderley v. 3ABN et. al.
Plaintiff's Response to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **10** of **14**

the action can proceed).  Subdivision (b) of Rule 19 sets forth four factors to be considered by a

court in deciding whether to proceed without a party who cannot be joined, as follows:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person
> or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for
> nonjoinder.

*Fed. R. Civ. P. 19(b).  See, Schutten v. Shell Oil Co.*, 421 F. 2d 869, 873 (Fla. 5th DCA 1970).

All of the four factors strongly weigh in favor of "in equity and good conscience" proceeding with

this action by not requiring the joinder of Plaintiff, who was named the initial trustee -- but is not

the current trustee -- as a party defendant.

### 1.  A Judgment Rendered in the Absence of Plaintiff, In His Capacity as Initial Trustee, Would Not Prejudice Him or to the Parties Already Joined.

The first factor requires this Court to consider the extent to which a judgment rendered in the

absence of Plaintiff in his capacity as initial trustee will be prejudicial. This calls for an assessment

of the resulting prejudice to either Plaintiff in his capacity as initial trustee or to the parties already

joined. *See, Doty v. St. Mary Parish Land Co*., 598 F. 2d 885, 887 (5th Cir. 1979). Considering the

relief sought by Plaintiff, it is extremely unlikely that a judgment in favor of Plaintiff will prejudice

Plaintiff in his capacity as initial trustee of the CRUT.  Plaintiff seeks invalidation of the CRUT,

damages occurring from the transfer of property to the CRUT, and breaches of fiduciary duty for

actions or inactions occurring during the term that 3ABN, and its authorized representatives,

served as Trustee.  A judgment invalidating the CRUT would not prejudice Plaintiff's interest in

his capacity as initial trustee as he currently has no legal interest in the CRUT.  A judgment for

Adderley v. 3ABN et. al.
Plaintiff's Response to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **11** of **14**

damages would not prejudice the defendants because Plaintiff are seeking rendition on the actions or inactions that occurred in the creation of the CRUT, transfer of property, and during the term while 3ABN and its authorized representatives, SHELTON and GILLEY, were trustees.

**2. Protective Provisions in the Judgment Would Be Unnecessary Because There is No Prejudice to Be Lessened or Avoided.**

The second factor requires this Court to consider the extent to which, by protective provisions in the judgment, by the shaping relief, or other measures, the prejudice can be lessened or avoided. Again, considering the relief requested, this Court should not find it difficult to envision any conceivable way to fashion a meaningful judgment which will not affect Plaintiff's interest in his capacity as initial trustee, especially since Plaintiff is a party to this action.

**3. An Adequate Judgment Can Be Rendered in Plaintiff's Absence as Initial Trustee.**

The third factor requires the Court to consider whether a judgment rendered in the person's absence will be adequate.  As stated above, a judgment rendered in the absence of Plaintiff, in his capacity as initial trustee, will be adequate.  Plaintiff is already a party plaintiff as an individual. Moreover, the current named trustee, 3ABN, and its authorized representatives, SHELTON and GILLEY, are the real defendant parties in interest, and indispensable parties as trustees. Furthermore, the relief in Plaintiff's Second Amended Complaint does not request Plaintiff to reappoint himself as trustee. Thus, any judgment would be adequate without joining Plaintiff as a party defendant, in his capacity as initial trustee.

**4. Plaintiff Will Not Have an Adequate Remedy if the Action is Dismissed for Nonjoinder.**

Finally, the fourth factor requires this Court to determine whether Plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. The existence of an alternative forum if the action is dismissed is the most persuasive factor in this case. *See Dotty*, 598 F. 2d at 888 (The

Adderley v. 3ABN et. al.
Plaintiff's Response to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **12** of **14**

presence of a state forum has been found to be particularly compelling in diversity jurisdiction

cases) (citations omitted). As the Supreme Court has stated:

> [T]he plaintiff has an interest in having a forum. *Before the trial*, the strength of
> this interest obviously depends upon whether a satisfactory forum exists.

*Provident Tradesmens Bank & Trust Co*., 390 U.S. 102, 109 (1968) (footnote omitted) (emphasis

added).  Florida state courts would not be a superior forum for disposition of this action because it

involves questions of Bahamian Property Law, the preparation, execution and administration of

the CRUT in the states of Florida, Illinois, and Georgia, the Indentures of Conveyances for the

transfer of the Bahamian Property signed before the Bahamian consulate, and citizens of different

states.  Therefore, this Court is the superior forum for disposition of this action.

In addition, the public interest in preserving a fully litigated judgment when the time and

expense of a trial have already been spent should be considered in this case. *See Walsh v. Centeio*,

692 F. 2d 1239, 1244 (9th Cir. 1982). This case was initially filed over a year ago, multiple forms

of discovery have occurred, counsel for all parties have incurred expenses in litigating this action,

and a final trial date has been set.  Moreover, the parties have expended funds on the letters

rogatory issued by the Court, and are awaiting the process, which the parties have been advised,

may take a year.  Thus, dismissal of this action at this state in the legal proceedings will require

duplication of effort, additional expense, and extension of the trial date and discovery in the

Bahamas, if the case is refiled in state court.

Therefore, in balancing the four factors, this Court should find that all factors weigh in favor

of this Court retaining jurisdiction and against dismissal of the action as this Court is able to

efficiently proceed in equity and good conscience without joining Plaintiff in his capacity as initial

trustee of the CRUT.

Adderley v. 3ABN et. al.
Plaintiff's Response to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **13** of **14**

### D.     CONCLUSION

Based on the foregoing, Plaintiff, DAVID LAWRENCE ADDERLEY, respectfully states that all trustee indispensable parties have been joined, including 3ABN, and its authorized representatives, GILLEY and SHELTON, as trustees of the CRUT.  The diversity of citizenship is determined by that of the trustees and not the trust, and thus, the Plaintiff has complete diversity of citizenship from that of the indispensable trustee defendants.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 12th day of August 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record listed on the below service list.

> **SAAVEDRA | GOODWIN**
> *Attorneys for Plaintiff*
> 312 SE 17th Street, 2nd Floor
> Fort Lauderdale, Florida 33316
> Tel: 954-767-6333
> Fax: 954-767-8111
>
> BY:    /s/ Diane J. Zelmer
>      Diane J. Zelmer, Esq.
>      Fla. Bar No. 27251
>      Email: DZelmer@saavlaw.com
>      Ross D. Kulberg, Esq.
>      Fla. Bar No. 44398
>      Email: RKulberg@saavlaw.com
>      Glen M. Lindsay, Esq.
>      Fla. Bar No. 59200
>      Email: GLindsay@saavlaw.com
>      Service Email: eservice@saavlaw.com

Adderley v. 3ABN et. al.
Plaintiff's Response to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **14** of **14**

## SERVICE LIST

| | |
|---|---|
| Raymond L. Robin, Esq.<br>D. David Keller, Esq.<br>***Counsel for Defendants***<br>KELLER LANDSBERG PA<br>Broward Financial Centre<br>500 East Broward Boulevard, Suite 1400<br>Fort Lauderdale, FL 33394<br>Telephone: (954) 761-3550<br>Email: raymond.robin@kellerlandsberg.com<br>Email: david.keller@kellerlandsberg.com<br>Email: rita.vanarsdale@kellerlandsberg.com | Timothy W. Ridley, Esq.<br>M. Gregory Simpson, Esq.<br>***Co-Counsel for Defendants***<br>MEAGHER & GEER, P.L.L.P.<br>33 South Sixth Street, Suite 4400<br>Minneapolis, Minnesota 55402<br>Phone: (612) 337-9672<br>Email: tridley@meagher.com<br>Email: gsimpson@meagher.com<br>Email: tschupp@meagher.com<br>Email: rvaccaro@meagher.com<br>Email: aditty@meagher.com |
| Jonathan Vine, Esq.<br>Ryan Ranson, Esq.<br>***Counsel for Defendant Richard Barry Benton, Esq.***<br>COLE, SCOTT & KISSANE, P.A.<br>Esperante Building<br>222 Lakeview Ave., Suite 120<br>West Palm Beach, Florida 33401<br>Phone: (561) 383-9200<br>Email: jonathan.vine@csklegal.com<br>Email: ryan.ranson@csklegal.com<br>Email: Leslie.Vargo@csklegal.com<br>Email: Eric.Sprechman@csklegal.com | |