**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

DAVID LAWRENCE ADDERLEY,
an individual,

      Plaintiff,                          Case No.:     1:18-cv-23362-RNS

v.

THREE ANGELS BROADCASTING
NETWORK, INC., a non-for-profit foreign
corporation, ROY HUNT, JR., an individual,
JAMES W. GILLEY, an individual, DANNY
SHELTON, an individual, and RICHARD
BARRY BENTON, ESQ., an individual,

      Defendants.

_____/

---

**PLAINTIFF'S REPLY TO DEFENDANTS THREE ANGELS BROADCASTING**
**NETWORK, INC., ROY HUNT, JR., JAMES W. GILLEY AND DANNY SHELTON'S**
**BRIEF ON THE COURT'S ORDER TO SHOW CAUSE**

---

Plaintiff, DAVID LAWRENCE ADDERLEY ("Plaintiff" or "Adderley") submits this reply in response to Defendants, THREE ANGELS BROADCASTING NETWORK, INC. ("3ABN"), ROY HUNT, JR. ("Defendant Hunt"), JAMES W. GILLEY ("Defendant Gilley"), and DANNY SHELTON ("Defendant Shelton")'s (hereinafter collectively referred to as "Defendants") Brief on the Court's Order to Show Cause entered on July 31, 2019 [DE 113] and in accordance with the Court's Order [DE 116], and in support thereof states as follows:

## A.  <u>INTRODUCTION</u>

1.      On July 31, 2019, this Honorable Court issued, *sua sponte*, an Order to Show Cause ("Order"), requesting the parties:

    a.    "to show why the trustee of the Charitable Remainder Unitrust is not an indispensable party to this lawsuit and should not be joined under Federal Rule of Civil Procedure 19"; and

Adderley v. 3ABN et al.
Plaintiff's Reply to Defendants' Response
to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **2** of **17**

    b.   directing the parties "to establish the trust and trustee's citizenship for diversity jurisdiction purposes." [DE 111].

2.      On August 12, 2019, Defendants filed their Brief on the Court's Order to Show Cause [DE 113] ("Brief").

3.      Defendants contend for the first time, ***only after*** the Court issued the Order, that the pending action should be dismissed for lack of subject matter jurisdiction because Defendant Gilley is a citizen of Florida for the purpose of establishing diversity jurisdiction. [DE 113 pg. 4, 5].

4.      During Defendant Gilley's deposition taken on February 22, 2019, he stated that at that time, ***California*** is his ***primary residence***. [DE 113 pg. 4]; *excerpt* J. Gilley Feb. 22, 2019 Depo. trans., pg. 45 (attached hereto as **Exhibit "A"**).

5.      For the 2018 calendar year, Defendant Gilley did not claim a homestead "exemption" for his property located in Clermont, Summit Greens, Florida; indeed, his mailing address on the 2018 property tax bill is his address in Colfax, California.  The 2018 Lake County Tax Collector Property Tax Bill is attached hereto as **Exhibit "B."**

6.      For the fiscal year of July 1, 2018 through June 30, 2019, Defendant Gilley filed property taxes and claimed homeowner's exemption for his property located at 20735 Magnolia Ranch Road, Colfax, California 95713. The Placer County 2018 – 2019 Property Tax Bill is attached hereto as **Exhibit "C."**

7.      For the fiscal year of July 1, 2019 through June 30, 2020, Defendant Gilley filed property taxes and claimed homeowner's exemption for his property located at 20735 Magnolia Ranch Road, Colfax, California 95713. The Placer County 2019 - 2020 Property Tax Bill is attached hereto as **Exhibit "D."**

Adderley v. 3ABN et al.
Plaintiff's Reply to Defendants' Response
to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **3** of **17**

8.      In the alternative, Defendants argue that Plaintiff's action should be dismissed for failure to add Plaintiff, in his capacity as Trustee, as party because he is an indispensable party to this action. [DE 113 pg. 5], but Plaintiff has not been a Trustee of the CRUT after he purportedly resigned as Trustee and Defendant Gilley, as authorized representative of 3ABN, accepted appointment to act as Successor Trustee of the CRUT on January 26, 2012. [DE 68, ¶¶ 31, 33].

9.      Finally, Defendants also contend that Plaintiff's SAC should be dismissed because Plaintiff failed to add an indispensable party within the time limit set by the Court in its Scheduling Order. [DE 113 pg. 8].

10.      On August 15, 2019, this Honorable Court issued an Order requiring the parties to respond to each other's responses [DE 116].

## B.  <u>SUMMARY OF POSITION</u>

This Court has jurisdiction over the pending action pursuant to 28 U.S.C. § 1332(a). At the time the SAC was filed, Defendant Gilley was a citizen of California, not Florida. Defendant Gilley's expressions that he "intended" to make Florida his permanent residence at the time this lawsuit was filed is entitled to little weight because those expressions conflict with the objective facts proving his domicile was in California at the time the lawsuit was filed in August 2018.  Thus, all Defendants in this action are diverse from the Plaintiff, allowing this Court to have subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). In the alternative, should the Court deem jurisdiction a factual issue, Plaintiff is entitled to seek jurisdictional discovery from Defendant Gilley to support his allegations of this Court's jurisdiction in this matter.

Plaintiff, in his capacity as initial Trustee of the CRUT, is not an indispensable party as he is not the real party in interest. Rather, to the extent that the CRUT is deemed valid, the current Trustee of the CRUT, 3ABN, is the real party in interest as it currently possesses certain customary

Adderley v. 3ABN et al.
Plaintiff's Reply to Defendants' Response
to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **4** of **17**

powers to hold, manage, and dispose of assets for the benefits of the beneficiaries to the CRUT. Accordingly, Plaintiff's complaint should not be dismissed because all indispensable parties have been named in this lawsuit.

Furthermore, it is not imperative that Plaintiff did not include the CRUT, through its Trustees, as parties to this lawsuit as Plaintiff is not required by law to designate with particular words regarding the capacities in which the Defendants are being sued. This Court can construe the nature of the claims raised in Plaintiff's complaint and the defenses raised by the parties by looking at the course of the proceedings and determine the liability sought to be imposed on the Defendants and find that Plaintiff brought this action against Defendants in both their individual capacities and official capacity as Trustees of the CRUT.

Finally, even if Plaintiff is required to name the parties in their capacities as individuals and Trustee of the CRUT, Plaintiff's complaint should not be dismissed. Rather, Plaintiff is entitled to seek ratification by, or joinder of, the real parties in interest, and an amendment by interlineation.

## C.  <u>MEMORANDUM OF LAW</u>

### I.    **Plaintiff's Complaint Should Not be Dismissed Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. 1332.**

Defendants contend that that subject matter jurisdiction does not exist based upon the citizenship of the parties at the time of filing suit, alleging that Defendant Gilley was a citizen of Florida at the time Plaintiff filed his SAC in August 2018.

*a.   Standard for Diversity Jurisdiction.*

Title 28 U.S.C. §1332(a)(1) vests this Court with the authority to exercise jurisdiction over cases involving "citizens of different States." The party seeking diversity jurisdiction has the burden of establishing jurisdiction by a preponderance of the evidence. *Jones v. Law Firm of Hill*

Adderley v. 3ABN et al.
Plaintiff's Reply to Defendants' Response
to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page 5 of 17

*and Ponton*, 141 F. Supp. 1349, 1354 (M.D. Fla. 2001). Diversity is determined when the suit is instituted, not when the cause of action arose. *Id*. at 1354-55. Diversity jurisdiction is unaffected by changes in citizenship of parties after a complaint has been filed. *Id*.

To be a citizen of a state within the meaning of the diversity provision, a natural person must be both a citizen of the United States and domiciliary of a state. *Id*. A person is not necessarily a citizen of, or domiciled in, the state in which he resides at any given moment. *Id*. "Domicile" is not necessarily synonymous with "residence," and one can reside in one place but be domiciled in another. *See District of Columbia v. Murphy*, 314 U.S. 441 (1841); *see also McCarthy v. Alexander*, 786 So. 2d 1284 (Fla. 2d DCA 2001) ("There is a difference between the terms 'domicile' (sometimes referred to as legal, permanent or primary residence) and 'residence'".). A person can only have one legal domicile. *Keveloh v. Carter*, 699 So. 2d 285, 288 (Fla. 5th DCA 1997). On the other hand, a person may have several "residences." *Id*. Citizenship, not residence, is the key factor that must be alleged in the complaint to establish diversity for a natural person. *Taylor v. Appleton*, 30 F. 3d 1365, 1367 (11th Cir. 1994).

In determining domicile, a court should consider both positive evidence and presumptions. *Jones*, 141 F. Supp. 2d at 1355. One such presumption is that the state in which a person resides at any given time is also that person's domicile. *Id*. But because changes in residence are so common in this country, courts also refer to another presumption: once an individual has established a domicile, he remains a citizen there until he satisfies the ***mental and physical*** requirements of domicile in a new state. *Id*. (emphasis added). However, courts have noted that, to determine the domicile of a party with residences in more than one state, the party's consistent course of conduct may be more important than a declaration of domicile. *See Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991) (party with residences in Illinois and Florida who

Adderley v. 3ABN et al.
Plaintiff's Reply to Defendants' Response
to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **6** of **17**

stated in an application for a Florida tax exemption that he had become a permanent resident of Florida "intended no change in the manner or style of his life, the center of gravity which was and remains in [Illinois], but only a change in his tax rate."); *Rubin v. Hirschfeld*, 2002 WL 32506932, at *2 n.2 (D. Conn. Mar. 20, 2002) (a declaration of domicile "is relevant to determination of citizenship, but, notwithstanding the legal import of such a declaration, does not determine domicile.") (citation omitted). These presumptions are merely aids for the court. *Jones,* 141 F. Supp. 2d at 1355. The objective facts bearing on an individual's "entire course of conduct" determine domicile for diversity jurisdiction purposes. *Id.* No single factor is conclusive; instead, the Court looks to the "totality of evidence." *Id.*

Once established, a domicile continues until it is superseded by a new one. *Keveloh v. Carter*, 699 So. 2d 285, 288 (Fla. 5th DCA 1997). A domicile is presumed to continue, and the burden of proof ordinarily rests on the party asserting the abandonment of one domicile to demonstrate the acquisition of another. *Id.* A change of residence is accomplished and becomes effective when there is a good-faith intention to establish it, ***coupled with an actual physical move*** to the new residence, as evidenced by positive over acts. *Id.* (noting that this is so because legal residence consists of the concurrence of both fact and intention). Stated otherwise, the mere intention to acquire a new domicile without the fact of an actual removal avails nothing; neither does the fact of removal without intention. *Id.* Finally, the intention to acquire a new domicile must be to make a home ***at the moment***, ***not to make a home in the future***. *Id.*; *see also Campbell v. Campbell*, 57 So. 2d 34, 35 (Fla. 1952).

*b.  Defendant Gilley Was a Citizen of California At the Time Suit Was Filed.*

It is unrefuted that Defendant Gilley was a citizen of California at the time the SAC was filed in August 2018. Although Defendant Gilley testified that he intended to make Florida his

Adderley v. 3ABN et al.
Plaintiff's Reply to Defendants' Response
to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **7** of **17**

permanent residence, his testimony is entitled to little weight because it conflicts with the objective facts. *See Freeman v. Northwest Acceptance Corp.*, 754 F. 2d 553 (5th Cir. 1985) (expressions the one intends to make a state his permanent residence is entitled to little weight if they conflict with objective facts). On February 22, 2019, during Defendant Gilley's Deposition, he stated:

Q:      Do you – do you live here in Florida or do you live in California?

A:      Both. We have a home in Clermont, Summit Greens, and a home in Weimar, California, which is – Weimar Institute is there. We're very close to that. Our daughter is the librarian. Our son-in-law is the principal of the academy there. We live across the street from them.

Q:      Is your primary residence in California?

A:      At this time. As soon as I can get everything done, it's going to be Florida. Yeah.

Ex. A, pg. 45, lines 11-21; [DE 113, pg. 4].

In addition to his testimony that his primary residence is in California, the objective facts show that:

- For the calendar year in 2018, Gilley did not claim a homestead exemption in Florida. Ex. B.

- For the fiscal year of July 1, 2018 through June 30, 2019 and the fiscal year of July 1, 2019 through June 2020, Defendant Gilley filed property taxes and claimed homeowner's exemption for his primary residence in California. Ex. C; Ex. D.

- For the year 2017, Gilley filed his federal tax return using his California address, which would have been filed in 2018.[1] [DE 114].

---

[1] Defendant Gilley does not indicate the date in 2018 on which he filed his 2017 tax return. [DE 114].

Adderley v. 3ABN et al.
Plaintiff's Reply to Defendants' Response
to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **8** of **17**

Article XII, § 3(k) of the California Constitution exempt from real property taxation $7,000 of the full value of "a dwelling … when occupied by an owner as his principal residence …". Rental properties or a second home do not qualify for this exemption. *In re Morse*, 11 Cal 4th 184 (Cal. 1995). At the time this suit was filed, and to date, the objective facts conclusively show that Defendant Gilley is domiciled in California. By claiming homeowner's exemption shows that his home in California was his primary residence, and not a second home, at the time the lawsuit was initiated in August 2018 -- and still is his current primary residence; his testimony merely stating an intention to acquire a new domicile in Florida in the future in insufficient for establishing a new domicile. *See Campbell*, 57 So. 2d at 35.

Defendants also note that Defendant Gilley has not yet filed his 2018 taxes in Florida because he has an extension with the IRS to file his 2018 return on October 15, 2019 and **merely intends** to file in Florida. [DE 113, pg. 4, n.1]. This intention is insufficient to determine Defendant Gilley's citizenship for diversity jurisdiction purposes because this alleged "intent" is to occur after the filing of this lawsuit. For the purposes of establishing Defendant Gilley's citizenship, this Court should find, without a doubt, that at the time Plaintiff filed his SAC in August 2018, Defendant Gilley was a citizen of California, not Florida. Thus, all Defendants are diverse from the Plaintiff and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)[2].

c.  *Defendants Proactively Litigated This Case for Over a Year Without Disputing Defendant Gilley's Citizenship.*

It should also be noted that Defendants have never disputed that the diversity of citizenship requirement was not met until after the Court issued its Order to Show Cause. Defendants have

---

[2] For purposes of this Reply, Plaintiff does not analyze the amount in controversy requirement for establishing jurisdiction under 28 U.S.C. § 1332(a) because it is not in dispute.

Adderley v. 3ABN et al.
Plaintiff's Reply to Defendants' Response
to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **9** of **17**

proactively litigated in this case; Defendants have filed multiple motions, responses, answers, and pursued multiple discovery requests, none of which raised the argument that this Court lacks subject matter jurisdiction due to lack of diversity, nor have they asserted that Defendant Gilley is a resident of Florida at the time the SAC was filed. Although subject matter may be raised at any time, if Defendants honestly believed that Defendant Gilley was a Citizen of Florida at the time the SAC was filed, this argument should have been raised at the inception of this lawsuit in 2018, not over a year later. In fact, this Court just entered an Order on medical examinations [DE 117] and the parties are traveling to depose individuals in Long Island, Bahamas on August 26 and 27, 2019.

> d. *Alternatively, Plaintiff is Entitled to Jurisdictional Discovery from Defendant Gilley.*

It is well-accepted that a qualified right to jurisdictional discovery exists. *See, e.g., Eaton v. Dorchester Dev., Inc*., 692 F. 2d 727, 729-31 (11th Cir. 1982). Discovery is not limited to the merits of a case, as it is available to ascertain the facts bearing on issues such as jurisdiction or venue. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978). Jurisdictional discovery is not entirely discretionary … a court does not have discretion to grant or deny a request for jurisdictional discovery when jurisdictional facts are in dispute. *Eaton v. Dorchester Development, Inc*., 629 F. 2d 727, 729 (11th Cir. 1982). Rather, it is appropriate to speak in terms of a qualified "right" to jurisdictional discovery when a court's jurisdiction is genuinely in dispute. *See Sanders*, 437 U.S. at 351 n. 13 ("Where issues arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues."). Specifically, "[i]f the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation …, then discovery will certainly be useful and may be *essential* to the *revelation of facts necessary*

Adderley v. 3ABN et al.
Plaintiff's Reply to Defendants' Response
to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **10** of 17

*to decide the issue*." *Eaton*, 692 F. 2d at 730 n. 7 (emphasis added); s*ee also Majd-Pour v. Georgiana Community Hosp., Inc*, 724 F. 2d 901, 903 (11th Cir. 1984) ("[a]lthough the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discovery facts that would support his allegations of jurisdiction").

Plaintiff has proven this Court's jurisdiction, however, if this Court is in doubt regarding his allegations of jurisdiction, Plaintiff is entitled to jurisdictional discovery from Defendant Gilley. Defendants have raised issues regarding Defendant Gilley's 2017 and 2018 federal tax returns, and the time that he spent living in Florida; therefore, Plaintiff is entitled to request documentation, answers to interrogatories, and deposition testimony regarding Defendant Gilley's tax returns, travel dates showing time spent in California and in Florida, etc.  Such discovery would support Plaintiff's allegations of jurisdiction and will be useful and essential to the revelation of facts necessary for this Court to decide the issue of jurisdiction.

## II.    Plaintiff Did Not Fail to Add an Indispensable Party.

Next, Defendants argue that Plaintiff's SAC should be dismissed because Plaintiff failed to add an indispensable party. Defendants premise this argument on the belief that: (i) Plaintiff, in his capacity as initial Trustee, is an indispensable party under Rule 19 [DE 113, pg. 5]; (ii) alternatively, even if joinder is feasible, Plaintiff failed to timely add Plaintiff, in his capacity as initial Trustee, within the time limit set by the Court in its Scheduling Order [DE 113, pg. 6] and; (iii) that Plaintiff failed to include the CRUT, through its Trustees, as parties to this lawsuit [DE pg. 9].

### a. *The Successor Trustee, 3ABN, is the Real Party in Interest and Has Already Been Named in This Lawsuit.*

Adderley v. 3ABN et al.
Plaintiff's Reply to Defendants' Response
to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **11** of **17**

Defendant, 3ABN, as Trustee of the CRUT, is the real party in interest under the *Navarro Savings Ass'n v. Lee*, 446 U.S. 458 (1980) analysis. The *Navarro* Court held, "a trustee is a real party to the controversy for purposes of diversity jurisdiction ***when*** he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Navarro*, 446 U.S. at 464 (emphasis added). Numerous post-*Navarro* opinions confirm that a trustee will be considered an active trustee and therefore the real party in interest only when it has real and substantial authority, possesses sweeping powers, ownership and control over the trust assets, and sole and unfettered management authority over trust assets and litigation. *See, e.g., Andrews v. Modell*, 636 F. Supp. 2d 213, 221 (S.D. N.Y. 2008); *Clifford v. American Int'l Specialty Lines Ins. Co*., 2005 WL 2313907 *4-5 (M.D.N.C. Sept. 21, 2005); *Karras v. Teledyne Indus., Inc.*, 191 F. Supp. 2d 1162, 1172-73 (S.D. Cal. 2002); *Windward City Center of Hawaii v. Transamerica Occidental Life Ins*., 613 F. Supp. 1216, 1218 (D. Haw. 1985). Accordingly, trustees who are charged with the power to sue and be sued on behalf of the trust, and who are the persons in actual control of the trust constitute the real parties in interest. *Navarro*, 446 U.S. at 425.

The successor Trustee, 3ABN, is the real party in interest to this lawsuit and has already been named in this lawsuit. When Defendant Gilley, as the authorized representative of 3ABN, signed the acceptance of appointment of Trustee on January 26, 2012 [DE 68 ¶ 33], 3ABN incurred real and substantial authority, possessed sweeping powers, ownership and control over the CRUT's assets, and obtained sole and unfettered management authority over the CRUT's assets, and therefore became the active Trustee of the CRUT (to the extent the CRUT is deemed valid). Plaintiff, in his capacity as initial Trustee, lost those powers once he purportedly resigned as Trustee [DE 68 ¶ 32, 33] and 3ABN accepted appointment as Trustee of the CRUT [DE ¶ 33, 35].

Adderley v. 3ABN et al.
Plaintiff's Reply to Defendants' Response
to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **12** of **17**

Therefore, Plaintiff did not fail to add an indispensable party as the real party in interest, 3ABN, has been named in this lawsuit.

    *b. Plaintiff, in His Capacity as Initial Trustee, is Not an Indispensable Party.*

Plaintiff adheres to the general rule under Florida law is that "the trustee is an indispensable party in all proceedings affecting the estate." *Taylor v. Moskow*, No. 16-2022-CIV, 2016 WL 10646329, at *4 (S.D. Fla. Oct. 4, 2016). However, in the same case on appeal, the Eleventh Circuit noted that it is the ***current trustee*** who is an indispensable party to an action. *Taylor v. Moscow*, 717 Fed. Appx. 836, 839 (11th Cir. 2017) (emphasis added); *see also Hotel Markham v. Ball*, 131 F. 2d 424, 426 (5th Cir. 1942) (current trustees are the proper parties to represent the trust); *Buerki v. Lochner*, 570 So. 2d 1061 (Fla. 2d DCA 1990) (the trustee, as the legal title holder of the trust property, is the real party in interest to a suit brought to determine or recover trust assets).

When Plaintiff purportedly resigned as Trustee on January 24, 2012, he no longer was the proper party to represent the CRUT as he no longer was the legal title holder of the trust property. [DE 68 ¶ 32]. Two days later, January 26, 2012, Defendant Gilley, as an authorized representative of 3ABN, agreed to act as successor Trustee. [DE 68 ¶33]. Once Defendant Gilley accepted to act as Trustee of the CRUT, 3ABN stepped into the shoes of Plaintiff's role as Trustee, thereby removing Plaintiff of having any control over the CRUT or over the property. [DE ¶33]. Defendant Shelton continued, as authorized representative of 3ABN, to act as Trustee of the CRUT. [DE ¶35]. At no point in time after January 26, 2012, did Plaintiff serve as Trustee for the CRUT; Plaintiff was not acting in a fiduciary duty nor was he acting as Trustee once he resigned and Defendant Gilley, as authorized representative of 3ABN, accepted appointment as Trustee for the CRUT. The successor Trustee, 3ABN, is currently serving as Trustee and was serving as the active

Adderley v. 3ABN et al.
Plaintiff's Reply to Defendants' Response
to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page 13 of 17

Trustee of the CRUT when this lawsuit was filed in August 2018 and is therefore the proper and indispensable party to the lawsuit, not the initial Trustee.

> c.  *Plaintiff was Not Required to Name Defendants in Their Individual or Official Capacities as Trustees Because the Second Amended Complaint Speaks for Itself.*

While a plaintiff has a duty to make plain who they are suing, *see Colvin v. McDougall*, 62 F. 3d 1316, 1318 (11th Cir. 1195), a plaintiff is not always required to designate with particular words in his pleading that the action was brought in their individual or official capacities, or both. *See Hobbs v. Roberts*, 999 F. 2d 1526, 1529-30 (11th Cir. 1993). How a complaint and claims are construed, in regard to the capacities in which the defendants are being sued, may depend on the nature of the claims raised, and defenses asserted. *See Shepard v. Peryam*, 657 F. Supp. 2d 1331, 1338 (S.D. Fla. 2009); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (Where the complaint is unclear on whether officials are sued personally, in their official capacity, or both, courts must look to the course of the proceedings which will typically indicate the nature of the liability sought to be imposed) (citations omitted).

It is not imperative that Plaintiff did not include the words that included the CRUT, through its Trustee, as a party. The "real party in interest" rule, Fla. R. Civ. P. 1.210 authorizes the trustees to bring a lawsuit in their own name and not in the name of the trusts, as follows, in relevant part:

> (a)  Parties Generally. Every action may be prosecuted in the name of the real party in interest, but a personal representative, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or party expressly authorized by statute may sue in that person's name without joining the party for whose benefit the action is brought.

The rule acknowledges that the trustee is a person acting on behalf of the beneficiaries of a trust and not on behalf of some entity known as a trust. The nature of the claims raised in Plaintiff's SAC and the defenses asserted by the Defendants show that the Defendants are being sued in both

Adderley v. 3ABN et al.
Plaintiff's Reply to Defendants' Response
to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **14** of **17**

their capacities as individuals and as Trustees of the CRUT. Plaintiff indicated this in adding

Defendant Shelton to Plaintiff's Second Amended Complaint in its Motion for Leave to file its

Second Amended Complaint. [DE 57, pg. 4-5]; [DE 57-1, ₱ 35]. Plaintiff's SAC acknowledges

that Defendant 3ABN, and its authorized representatives, Defendant Gilley and Defendant

Shelton, accepted appointment as Trustee and served as Trustee of the CRUT. [DE 68 ₱ 33, 35];

[DE 68, Ex. C]. Plaintiff alleges breach of the named Trustee's fiduciary duty against the

Defendants. [DE 68, pg. 50-51]. The allegations contained in Plaintiff's SAC clearly provide that

Plaintiff is suing Defendants in their capacity as individuals and as Trustee of the CRUT; mere

scriveners error to name the CRUT through its Trustees as Defendants is not imperative and the

Court can look to the course of the proceedings to indicate that the nature of the liability sought to

be imposed on the Defendants clearly shows that Plaintiff is suing the Defendants in both their

capacities as individuals and official capacity as Trustee of the CRUT.

>    d.  *In the Event the Court Concludes that the CRUT, through its Trustees, is the Real Party in Interest, Plaintiff is Entitled to Seek Interlineation by, or Joinder of, the Real Party in Interest.*

Ratification by, or joinder of, a real party in interest is provided for by Fed. R. Civ. P. 17(a),

which provides, in relevant party:

>    No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Ratification is an entirely proper method of resolving controversies over real parties in interest.

*Arabian American Oil Co. v. Scarfone*, 713 F. Supp. 1420, 1423-24 (M.D. Fla. 1989). Whether

ratification is appropriate in a given case is a matter for the district court's discretion. *Id*. at 1424.

Adderley v. 3ABN et al.
Plaintiff's Reply to Defendants' Response
to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **15** of 17

In exercising this discretion, the Court must observe Rule 17(a)'s purposes of protection of the defendant from subsequent litigation and final resolution of the dispute at hand. *Id.*

In the alternative, if this Court is to find that the CRUT, through its Trustees, should be named as parties, Plaintiff requests that this Court allow Plaintiff to seek interlineation to change the caption in the case style, and relevant paragraphs, to reflect the correct parties. Plaintiff does not seek to amend its complaint but will merely name the Defendants in their capacity as individuals and Trustees of the CRUT.

## D. <u>Conclusion</u>

Based on the foregoing, Plaintiff, DAVID LAWRENCE ADDERLEY, respectfully states that all trustee indispensable parties have been joined, including 3ABN, and its authorized representatives, Defendant Gilley and Defendant Shelton, as trustees of the CRUT. Defendant Gilley is a citizen of Florida, and not California. Furthermore, Plaintiff was not required to name Defendants in their official capacity as Trustees because the course of the proceedings indicate the nature of the liability sought to be imposed. Accordingly, Plaintiff has established that this Court has subject matter to hear this case under 28 U.S.C. § 1332.

Adderley v. 3ABN et al.
Plaintiff's Reply to Defendants' Response
to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **16** of 17

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via email

upon all counsel listed in the below service list on this 26th day of August, 2019.

**SAAVEDRA | GOODWIN**
*Attorneys for Plaintiff*
312 SE 17th Street, 2nd Floor
Fort Lauderdale, Florida 33316
Tel: 954-767-6333
Fax: 954-767-8111

BY: _____/s/ Diane J. Zelmer_____
        Diane J. Zelmer, Esq.
        Fla. Bar No. 27251
        Email: DZelmer@saavlaw.com
        Ross D. Kulberg, Esq.
        Fla. Bar No. 44398
        Email: RKulberg@saavlaw.com
        Glen M. Lindsay, Esq.
        Fla. Bar No. 59200
        Email: GLindsay@saavlaw.com
        Service Email: eservice@saavlaw.com

Adderley v. 3ABN et al.
Plaintiff's Reply to Defendants' Response
to Court's Order to Show Cause
Case No.: 18-23362-CIV-SCOLA
Page **17** of **17**

## SERVICE LIST

| | |
|---|---|
| Raymond L. Robin, Esq.<br>D. David Keller, Esq.<br>***Counsel for Defendants***<br>KELLER LANDSBERG PA<br>Broward Financial Centre<br>500 East Broward Boulevard, Suite 1400<br>Fort Lauderdale, FL 33394<br>Telephone: (954) 761-3550<br>Email: raymond.robin@kellerlandsberg.com<br>Email: david.keller@kellerlandsberg.com<br>Email: rita.vanarsdale@kellerlandsberg.com | Timothy W. Ridley, Esq.<br>M. Gregory Simpson, Esq.<br>***Co-Counsel for Defendants***<br>MEAGHER & GEER, P.L.L.P.<br>33 South Sixth Street, Suite 4400<br>Minneapolis, Minnesota 55402<br>Phone: (612) 337-9672<br>Email: tridley@meagher.com<br>Email: gsimpson@meagher.com<br>Email: tschupp@meagher.com<br>Email: rvaccaro@meagher.com<br>Email: aditty@meagher.com |
| Jonathan Vine, Esq.<br>Ryan Ranson, Esq.<br>***Counsel for Defendant Richard Barry Benton, Esq.***<br>COLE, SCOTT & KISSANE, P.A.<br>Esperante Building<br>222 Lakeview Ave., Suite 120<br>West Palm Beach, Florida 33401<br>Phone: (561) 383-9200<br>Email: jonathan.vine@csklegal.com<br>Email: ryan.ranson@csklegal.com<br>Email: Leslie.Vargo@csklegal.com<br>Email: Eric.Sprechman@csklegal.com | |

1  not for money, no.  I spoke last weekend at Winter

2  Haven.  This weekend I'll be down at Celebration,

3  Florida, at the hospital church there, and then -- that

4  type of thing.  And then I got a week off.  Then I go to

5  Detroit and -- people just ask me to speak and I go

6  speak.

7       Q.   So do you get paid for speaking at all?

8       A.   No.  I won't accept pay for speaking.

9       Q.   Okay.

10      A.   No.

11      Q.   Do you -- do you live here in Florida or do

12  you live in California?

13      A.   Both.  We have a home in Clermont,

14  Summit Greens, and a home in Weimar, California, which

15  is -- Weimar Institute is there.  We're very close to

16  that.  Our daughter is the librarian.  Our son-in-law is

17  the principal of the academy there.  We live across the

18  street from them.

19      Q.   Is your primary residence in California?

20      A.   At this time.  As soon as I can get everything

21  done, it's going to be Florida.  Yeah.

22      Q.   Okay.  And your wife, Camilla, is --

23      A.   Yes, Camilla.

24      Q.   Yes.  Has she worked for 3ABN too?

25      A.   No.  She has never -- since -- since she



EXHIBIT "A" to Reply to Response
to Order to Show Cause

# DAVID W JORDAN
LAKE COUNTY TAX COLLECTOR

**NOTICE OF AD VALOREM TAXES AND NON-AD VALOREM ASSESSMENTS**

2018  Paid Real Estate

| ACCOUNT NUMBER | ESCROW CODE | ALTERNATE KEY | MILLAGE CODE |
|---|---|---|---|
| 1622261900-000-07500 | | 3791281 | 000C |

GILLEY JAMES W SR & CAMILLE T
GILLEY TRUST
20735 MAGNOLIA RANCH RD
COLFAX, CA   95713

2895 ASPEN PEAK CT

CLERMONT, SUMMIT GREENS PHASE 1 SUB
LOT 75 PB 42 PGS 6-35ORB 4923 PG 1163



**PAY IN US FUNDS TO DAVID W. JORDAN, TAX COLLECTOR · PO BOX 327 · TAVARES, FL 32778-0327 · 352-343-9602**

| AD VALOREM TAXES | | | | | |
|---|---|---|---|---|---|
| TAXING AUTHORITY | ASSESSED VALUE | EXEMPTION AMT | TAXABLE VALUE | MILLAGE RATE | TAXES LEVIED |
| LAKE COUNTY GENERAL | 206,719 | 0 | 206,719 | 5.1180 | 1,057.99 |
| AMBULANCE MSTU | 206,719 | 0 | 206,719 | 0.4629 | 95.69 |
| ENVIRON LAND PURCHASE | 206,719 | 0 | 206,719 | 0.1324 | 27.37 |
| LAKE CO SCHOOL BOARD | | | | | |
|   CURRENT | 206,719 | 0 | 206,719 | 4.8550 | 1,003.62 |
|   CAPITAL OUTLAY | 206,719 | 0 | 206,719 | 1.5000 | 310.08 |
| CITY OF CLERMONT | 206,719 | 0 | 206,719 | 4.2061 | 869.48 |
| ST JOHNS WATER MGMT | 206,719 | 0 | 206,719 | 0.2562 | 52.96 |
| LAKE CO WATER AUTH | 206,719 | 0 | 206,719 | 0.4900 | 101.29 |
| S LAKE CNTY HOSP | 206,719 | 0 | 206,719 | 0.6432 | 132.96 |
| | | | **TOTAL:** | 17.6638 | $3,651.44 |

| NON-AD VALOREM ASSESSMENTS | | |
|---|---|---|
| LEVYING AUTHORITY | RATE | AMOUNT |
| | | |
| | **NON-AD VALOREM ASSESSMENTS:** | $0.00 |

**COMBINED TAXES AND ASSESSMENTS:** $3,651.44

| If Paid By | Nov 30, 2018 | | | | |
|---|---|---|---|---|---|
| Please Pay | $0.00 | | | | |

Paid 11/26/2018  Receipt #     2018-00183546          $3,505.38

---

# DAVID W. JORDAN
LAKE COUNTY TAX COLLECTOR

**NOTICE OF AD VALOREM TAXES AND NON-AD VALOREM ASSESSMENTS**

2018  Paid Real Estate

**PAY IN US FUNDS TO DAVID W. JORDAN, TAX COLLECTOR · PO BOX 327 · TAVARES, FL 32778-0327 · 352-343-9602**

| If Paid By | Nov 30, 2018 | | | | |
|---|---|---|---|---|---|
| Please Pay | $0.00 | | | | |

2895 ASPEN PEAK CT

GILLEY JAMES W SR & CAMILLE T
GILLEY TRUST
20735 MAGNOLIA RANCH RD
COLFAX, CA   95713

CLERMONT, SUMMIT GREENS PHASE 1 SUB
LOT 75 PB 42 PGS 6-35ORB 4923 PG 1163

| ACCOUNT NUMBER | ESCROW CODE | ALTERNATE KEY | MILLAGE CODE |
|---|---|---|---|
| 1622261900-000-07500 | | 3791281 | 000C |

Paid 11/26/2018  Receipt #     2018-00183546          $3,505.38



**EXHIBIT "B"** to Reply to Response to Order to Show Cause

**PLACER COUNTY 2018-2019 PROPERTY TAX BILL**

Jenine Windeshausen, Treasurer/Tax Collector
2976 Richardson Drive,  Auburn,  CA 95603, (530) 889-4120, www.placer.ca.gov/tax
SECURED TAX ROLL FOR FISCAL YEAR JULY 1, 2018 - JUNE 30, 2019

| PROPERTY INFORMATION | | | IMPORTANT MESSAGES |
|---|---|---|---|
| ASMT NUMBER: | 072-100-024-000 | TAX RATE AREA: 083012 | Original bill date 08/29/2018 |
| ORIG ASMT: | 072-100-024-000 | ACRES: 4.80 | |
| FEE NUMBER: | 072-100-024-000 | | |
| LOCATION: | 20735 MAGNOLIA RANCH RD | | |

20735 MAGNOLIA RANCH RD
COLFAX CA 95713

2018-2019

| COUNTY VALUES, EXEMPTIONS, AND TAXES | | | | |
|---|---|---|---|---|
| PHONE # | DESCRIPTION | PRIOR | CURRENT | BILLED |
| VALUATIONS (530) 889-4300 | LAND | 0 | 156060 | 156060 |
| TAX RATES  (530) 889-4160 | | 0 | 0 | 0 |
| EXEMPTIONS (530) 889-4300 | | 0 | 0 | 0 |
| PAYMENTS   (530) 889-4120 | STRUCTURAL IMPROVEMENTS | 0 | 182070 | 182070 |
| PERS PROP  (530) 889-4300 | | 0 | 0 | 0 |
| ADDR CHGS  (530) 889-4300 | | 0 | 0 | 0 |
| GEN. INQ.   (530) 889-4120 | H HOMEOWNERS EXEMPTION | 0 | -7000 | -7000 |
| | | 0 | 0 | 0 |
| | NET TAXABLE VALUE | | | 331130 |
| | VALUES  X  TAX RATE PER $100  1.000000 | | | $3,311.30 |

| VOTER APPROVED TAXES / TAXING AGENCY DIRECT CHARGES &  SPECIAL ASSESSMENTS /  FEES | | | | | | |
|---|---|---|---|---|---|---|
| PHONE # | CODE | DESCRIPTION | ASSESSED VALUE | X | TAX RATE / 100 | = TAX AMOUNT |
| (530) 889-4173 | 35405 | Placer Union HS District B&I 1999 Measure W | 331130 | | 0.023547 | $77.98 |

| PHONE # | DESCRIPTION | DIR CHRG | PHONE # | DESCRIPTION | DIR CHRG | PHONE # | DESCRIPTION | DIR CHRG |
|---|---|---|---|---|---|---|---|---|
| (800) 273-5167 | Placer Mosquito & Vector C | $29.46 | (530) 878-0405 | Placer Hills Fire | $73.84 | (530) 878-0405 | Placer Hills Fire Fee 2 | $60.52 |
| (877) 561-8293 | Midway Hts Wtr Bond AD# | $80.30 | | | | | | |

| | AGENCY TAXES | $77.98 |
|---|---|---|
| | DIRECT CHARGES | $244.12 |
| PENALTY & COST $0.00 | FEES | $0.00 |
| AGENCY TAXES + DIRECT CHARGES + FEES + PENALTY + COST + DELINQUENT PENALTIES | | $322.10 |

| 1st INSTALLMENT $1,816.70 | 2nd INSTALLMENT $1,816.70 | TOTAL TAXES |
|---|---|---|
| PAID ON 10/24/2018 | PAID ON 10/24/2018 | $3,633.40 |

**PLACER COUNTY SECURED PROPERTY TAXES - 2ND INSTALLMENT PAYMENT STUB**

| ASMT NUMBER: | 072-100-024-000 | TAX YEAR: **2018** | MAKE CHECK PAYABLE TO: |
|---|---|---|---|
| ORIG ASMT: | 072-100-024-000 | | **PLACER COUNTY TAX COLLECTOR** |
| FEE NUMBER: | 072-100-024-000 | | **2976 Richardson Drive** |
| LOCATION: | 20735 MAGNOLIA RANCH RD | | **Auburn,  CA  95603** |

20735 MAGNOLIA RANCH RD
COLFAX CA 95713

2018-2019  **2ND**

PAID ON 10/24/2018  $1,816.70

**PAID**

0721000240003201800000018167012000000200837320180

------------------------------- CUT HERE -------------------------------

**PLACER COUNTY SECURED PROPERTY TAXES - 1ST INSTALLMENT PAYMENT STUB**

| ASMT NUMBER: | 072-100-024-000 | TAX YEAR: **2018** | MAKE CHECK PAYABLE TO: |
|---|---|---|---|
| ORIG ASMT: | 072-100-024-000 | | **PLACER COUNTY TAX COLLECTOR** |
| FEE NUMBER: | 072-100-024-000 | | **2976 Richardson Drive** |
| LOCATION: | 20735 MAGNOLIA RANCH RD | | **Auburn,  CA  95603** |

20735 MAGNOLIA RANCH RD
COLFAX CA 95713

2018-2019  **1ST**

PAID ON 10/24/2018  $1,816.70

**PAID**

EXHIBIT "C" to Reply to Response to Order
to Show Cause

0721000240003201800000018167011000001998376201 80

For historical purposes only.
Not valid for payment.

1.2.002

7:35:45AM

**Jenine Windeshausen, Treasurer/Tax Collector**
**2976 Richardson Drive, Auburn, CA 95603, (530) 889-4120, www.placer.ca.gov/tax**
**SECURED TAX ROLL FOR FISCAL YEAR JULY 1, 2019 - JUNE 30, 2020**

| PROPERTY INFORMATION | | | IMPORTANT MESSAGES |
|---|---|---|---|
| ASMT NUMBER: | 072-100-024-000 | TAX RATE AREA: 083012 | Original bill date 06/24/2019 |
| ORIG ASMT: | 072-100-024-000 | ACRES: 4.80 | |
| FEE NUMBER: | 072-100-024-000 | | |
| LOCATION: | 20735 MAGNOLIA RANCH RD | | |

20735 MAGNOLIA RANCH RD
COLFAX CA 95713

2019-2020

| COUNTY VALUES, EXEMPTIONS, AND TAXES | | | | |
|---|---|---|---|---|
| PHONE # | DESCRIPTION | PRIOR | CURRENT | BILLED |
| VALUATIONS (530) 889-4300 | LAND | 0 | 159181 | 159181 |
| TAX RATES   (530) 889-4160 | | 0 | 0 | 0 |
| EXEMPTIONS (530) 889-4300 | | 0 | 0 | 0 |
| PAYMENTS   (530) 889-4120 | STRUCTURAL IMPROVEMENTS | 0 | 185711 | 185711 |
| PERS PROP   (530) 889-4300 | | 0 | 0 | 0 |
| ADDR CHGS  (530) 889-4300 | | 0 | 0 | 0 |
| GEN. INQ.   (530) 889-4120 | H HOMEOWNERS EXEMPTION | 0 | -7000 | -7000 |
| | | 0 | 0 | 0 |
| | NET TAXABLE VALUE | | | 337892 |
| | VALUES X TAX RATE PER $100 0.000000 | | | $0.00 |

| VOTER APPROVED TAXES / TAXING AGENCY DIRECT CHARGES & SPECIAL ASSESSMENTS / FEES | | | | | |
|---|---|---|---|---|---|
| PHONE # | CODE | DESCRIPTION | ASSESSED VALUE | X   TAX RATE / 100   = | TAX AMOUNT |

| PHONE # | DESCRIPTION | DIR CHRG | PHONE # | DESCRIPTION | DIR CHRG | PHONE # | DESCRIPTION | DIR CHRG |
|---|---|---|---|---|---|---|---|---|

| | | |
|---|---|---|
| | AGENCY TAXES | $0.00 |
| | DIRECT CHARGES | $0.00 |
| PENALTY & COST $0.00 | FEES | $0.00 |
| AGENCY TAXES + DIRECT CHARGES + FEES + PENALTY + COST + DELINQUENT PENALTIES | | $0.00 |

| 1st INSTALLMENT $0.00 | 2nd INSTALLMENT $0.00 | TOTAL TAXES |
|---|---|---|
| DELINQUENT AFTER  12/10/2019 | DELINQUENT AFTER  04/10/2020 | $0.00 |

| PLACER COUNTY SECURED PROPERTY TAXES - 2ND INSTALLMENT PAYMENT STUB | |
|---|---|
| ASMT NUMBER: 072-100-024-000   TAX YEAR: **2019** | MAKE CHECK PAYABLE TO: |
| ORIG ASMT: 072-100-024-000 | **PLACER COUNTY TAX COLLECTOR** |
| FEE NUMBER: 072-100-024-000 | **2976 Richardson Drive** |
| LOCATION: 20735 MAGNOLIA RANCH RD | **Auburn, CA  95603** |

20735 MAGNOLIA RANCH RD
COLFAX CA 95713

2019-2020  **2ND**

$0.00

DELINQUENT AFTER 04/10/2020 (INCLUDES 10% PENALTY OF  $0.00 AND $0.00 COST)   $0.00

0721000240003201980000000000000002000000000000020198

.............................................. CUT HERE ..............................................

| PLACER COUNTY SECURED PROPERTY TAXES - 1ST INSTALLMENT PAYMENT STUB | |
|---|---|
| ASMT NUMBER: 072-100-024-000   TAX YEAR: **2019** | MAKE CHECK PAYABLE TO: |
| ORIG ASMT: 072-100-024-000 | **PLACER COUNTY TAX COLLECTOR** |
| FEE NUMBER: 072-100-024-000 | **2976 Richardson Drive** |
| LOCATION: 20735 MAGNOLIA RANCH RD | **Auburn, CA  95603** |

20735 MAGNOLIA RANCH RD
COLFAX CA 95713

2019-2020  **1ST**

$0.00

DELINQUENT AFTER 12/10/2019 (INCLUDES 10% PENALTY OF  $0.00 AND $0.00 COST)   $0.00
TO PAY TOTAL TAXES, RETURN BOTH STUBS BY 12/10/2019   $0.00

0721000240003201980000000000000001000000000000020198

DUPLICATE COPY

**EXHIBIT "D" to Reply to**