UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DAVID LAWRENCE ADDERLEY,
an individual,                                                    Case No.:        1:18-cv-23362-RNS

            Plaintiff,

      v.

THREE ANGELS BROADCASTING
NETWORK, INC., a non-for-profit Illinois
corporation, ROY HUNT, JR., an individual,
JAMES W. GILLEY, an individual, DANNY
SHELTON, an individual, and RICHARD
BARRY BENTON, ESQ., an individual,

            Defendants.                              /

### AMENDED JOINT ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS THREE ANGELS BROADCASTING NETWORK, INC., ROY HUNT, JR., JAMES W. GILLEY, AND DANNY SHELTON TO PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT

Defendants Three Angels Broadcasting Network, Inc. ("3ABN"), Roy Hunt, Jr. ("Hunt"), James W. Gilley ("Gilley"), and Danny Shelton ("Shelton") (collectively, "3ABN Defendants"), for their Amended Joint Answer in response to Plaintiff's Verified Second Amended Complaint ("SAC"), state and allege as follows:

Except as hereinafter admitted or qualified, 3ABN Defendants deny all allegations and claims in the SAC, and any and all such allegations and claims maintained in this action.

1.      3ABN Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the SAC.

1

2.      3ABN Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the SAC.

3.      3ABN Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the SAC.

4.      3ABN Defendants admit the allegations contained in Paragraph 4 of the SAC.

5.      3ABN Defendants admit the allegations contained in Paragraph 5 of the SAC.

6.      In response to the allegations contained in Paragraph 6 of the SAC, 3ABN Defendants admit Gilley served as President and CEO of 3ABN from September 2007 to July 2015, but deny the remaining allegations contained in Paragraph 6 of the SAC.

7.      3ABN Defendants admit the allegations contained in Paragraph 7 of the SAC.

8.      3ABN Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the SAC.

9.      3ABN Defendants deny the allegations contained in Paragraph 9 of the SAC.

10.     3ABN Defendants deny the allegations contained in Paragraph 10 of the SAC.

11.      3ABN Defendants deny the allegations contained in Paragraph 11 of the SAC.

12.     3ABN Defendants deny the allegations contained in Paragraph 12 of the SAC.

13.     In response to the allegations contained in Paragraph 13 of the SAC, 3ABN Defendants admit Adderley holds the referenced Bahamas property in a CRUT, but denies Plaintiff's description concerning the acreage/square footage of that property.

14.     3ABN Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 14 of the SAC.  3ABN Defendants deny that Adderley discussed donation of a "small portion" of the Property to build a sanctuary.

15.     3ABN Defendants deny the allegations contained in Paragraph 15 of the SAC.

16.     3ABN Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the SAC.

17.      In response to the allegations contained in Paragraph 17 of the SAC, 3ABN Defendants state that the terms of 3ABN's website speak for themselves, and deny any characterization inconsistent with those terms.

18.     3ABN Defendants deny the allegations contained in Paragraph 18 of the SAC.

19.     In response to the allegations contained in Paragraph 19 of the SAC, 3ABN Defendants admit 3ABN retained Benton, then a licensed Florida attorney, to prepare a charitable remainder unitrust, or CRUT, for Adderley, and paid Benton for his work. 3ABN Defendants deny the remaining allegations contained in Paragraph 19 of the SAC.

20.     In response to the allegations contained in Paragraph 20 of the SAC, 3ABN Defendants admit Benton had previously prepared CRUTs for 3ABN, but deny the remainder of the allegations contained in Paragraph 20 of the SAC.

21.     In response to the allegations contained in Paragraph 21 of the SAC, 3ABN Defendants admit Adderley signed the CRUT, the terms of which speak for itself, but deny there were discussions about Adderley donating only a "small portion" of the Property to 3ABN.

22.     In response to the allegations contained in Paragraph 22 of the SAC, 3ABN Defendants admit Besse Tomlin notarized the CRUT, but deny the remaining allegations contained in Paragraph 22 of the SAC.

23.     3ABN Defendants deny the first sentence of Paragraph 23 of the SAC. 3ABN Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 23 of the SAC. In response to the third sentence of Paragraph 23 of the SAC, 3ABN Defendants admit Adderley presently appears to be legally blind but deny he did not know he was signing the CRUT.

24.     3ABN Defendants deny the allegations contained in Paragraph 24 of the SAC.

25.     In response to the allegations contained in the first sentence of Paragraph 25 of the SAC, 3ABN Defendants state the terms of the CRUT speak for itself, and deny any characterization of that document inconsistent with those terms.  3ABN Defendants deny the remaining allegations contained in Paragraph 25 of the SAC.

26.     3ABN Defendants deny the allegations contained in Paragraph 26 of the SAC.

27.     3ABN Defendants deny the allegations contained in Paragraph 27 of the SAC.

28.     In response to the allegations contained in Paragraph 28 of the SAC, 3ABN Defendants admit Adderley signed an Application for a Revocable Trust Agreement on November 14, 2011, but the Agreement was never finalized.  3ABN Defendants deny the remaining allegations contained in Paragraph 28 of the SAC.

29.     3ABN Defendants deny the allegations contained in Paragraph 29 of the SAC.

30.     In response to the allegations contained in Paragraph 30 of the SAC, 3ABN Defendants state that the terms of the CRUT speak for itself, and deny any characterization of that document inconsistent with those terms.

31.     In response to the allegations contained in Paragraph 31 of the SAC, 3ABN Defendants admit Adderley was initially named as trustee of the CRUT and executed the Notice of Resignation of Trustee on January 24, 2012.

32.     In response to the allegations contained in Paragraph 32 of the SAC, 3ABN Defendants admit Adderley executed the Notice of Resignation of Trustee on January 24, 2012, but deny the remaining allegations contained in Paragraph 32 of the SAC.

33.     In response to the allegations contained in Paragraph 33 of the SAC, 3ABN Defendants admit that, on January 26, 2012, 3ABN, through Gilley, became trustee of the CRUT.

34.     3ABN Defendants deny the allegations contained in Paragraph 34 of the SAC.

35.     In response to the allegations contained in Paragraph 35 of the SAC, 3ABN Defendants admit 3ABN continued to act as trustee of the CRUT after Gilley left 3ABN.

36.     3ABN Defendants admit the allegations contained in Paragraph 36 of the SAC.

37.     In response to the allegations contained in Paragraph 37 of the SAC, 3ABN Defendants admit 3ABN retained J. Denise Lewis-Johnson of Lewis & Longley.

38.     3ABN Defendants deny the allegations contained in Paragraph 38 of the SAC.

39.     In response to the allegations contained in Paragraph 39 of the SAC, 3ABN Defendants admit Adderley signed the Indentures of Conveyance and an affidavit attesting to his Bahamian citizenship, the terms of which speak for themselves.

40.     In response to the allegations contained in Paragraph 40 of the SAC, 3ABN Defendants admit an appraisal for the Property dated December 28, 2012 indicates a purported value of $22,900,000, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of the SAC.

41.     3ABN Defendants deny the allegations contained in Paragraph 41 of the SAC.

42.     3ABN Defendants admit the allegations contained in Paragraph 42 of the SAC.

43.     3ABN Defendants deny the allegations contained in Paragraph 43 of the SAC.

44.     3ABN Defendants deny the allegations contained in Paragraph 44 of the SAC.

45.     In response to the allegations contained in Paragraph 45 of the SAC, 3ABN Defendants admit that, to date, Adderley has not received income or a charitable tax deduction from the CRUT, because the Property has not been sold.  3ABN Defendants deny the remaining allegations contained in Paragraph 45 of the SAC.

46.     3ABN Defendants deny the allegations contained in Paragraph 46 of the SAC.

47.     3ABN Defendants deny the allegations contained in Paragraph 47 of the SAC.

48.     3ABN Defendants deny the allegations contained in Paragraph 48 of the SAC.

49.     3ABN Defendants deny the allegations contained in Paragraph 49 of the SAC.

50.     In response to the allegations contained in Paragraph 50 of the SAC, 3ABN Defendants admit Adderley presently appears to be legally blind, but deny the remainder of the allegations contained in Paragraph 50 of the SAC.

51.     In response to the allegations contained in Paragraph 51 of the SAC, 3ABN Defendants admit that Adderley's counsel sent 3ABN a letter dated March 26, 2018, the terms of which speak for itself.

52.    In response to the allegations contained in Paragraph 52 of the SAC, 3ABN Defendants admit that 3ABN's counsel sent Adderley's counsel a letter dated May 4, 2018, the terms of which speak for itself.

53.    3ABN Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the SAC.

54.    In response to the allegations contained in Paragraph 54 of the SAC, 3ABN Defendants admit 3ABN has, from time to time, discussed its planned giving and trust services.

55.    3ABN Defendants deny the allegations contained in Paragraph 55 of the SAC.

56.    3ABN Defendants deny the allegations contained in Paragraph 56 of the SAC to the extent they pertain to 3ABN Defendants.  3ABN Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties contained in Paragraph 56 of the SAC.

57.     In response to the allegations contained in Paragraph 57 of the SAC, 3ABN Defendants deny a conflict of interest existed and affirmatively state Plaintiff was advised to retain independent counsel.

58.    3ABN Defendants admit the allegations contained in Paragraph 58 of the SAC.

59.    3ABN Defendants deny the allegations contained in Paragraph 59 of the SAC.

60.     3ABN Defendants deny the allegations contained in Paragraph 60 of the SAC.

61.     3ABN Defendants deny the allegations contained in Paragraph 61 of the SAC.

62.     In response to the allegations contained in Paragraph 62 of the SAC, 3ABN Defendants deny the allegations contained in Paragraph 62 of the SAC and expressly deny any misconduct alleged therein.

63.      In response to the allegations contained in Paragraph 63 of the SAC, 3ABN Defendants deny the allegations contained in Paragraph 63 of the SAC and expressly deny any misconduct alleged therein.

64.     3ABN Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the SAC regarding Adderley's retention of an independent attorney.  3ABN Defendants deny the remaining allegations contained in Paragraph 64 of the SAC.

65.     3ABN Defendants deny the allegations contained in Paragraph 65 of the SAC.

66.     3ABN Defendants deny the allegations contained in Paragraph 66 of the SAC, but admit they have copies of the CRUT and Indentures of Conveyance.

67.     In response to the allegations contained in Paragraph 67 of the SAC, 3ABN Defendants deny the allegations contained in Paragraph 67 of the SAC and expressly deny any misconduct alleged therein.

68.     The allegations contained in Paragraph 68 of the SAC contain legal conclusions to which no response is necessary.  To the extent these allegations allege or imply any wrongdoing on the part of 3ABN Defendants, they are denied.

69.     3ABN Defendants deny the allegations contained in Paragraph 69 of the SAC.

70.     3ABN Defendants deny the allegations contained in Paragraph 70 of the SAC.

71.     The allegations contained in Paragraph 71 of the SAC contain legal conclusions to which no response is necessary.  To the extent these allegations allege or imply any wrongdoing on the part of 3ABN Defendants, they are denied.

72.     3ABN Defendants deny the allegations contained in Paragraph 72 of the SAC.

73.     3ABN Defendants deny the allegations contained in Paragraph 73 of the SAC.

74.     In response to the allegations contained in Paragraph 74 of the SAC, 3ABN Defendants deny the allegations contained in Paragraph 74 of the SAC and expressly deny any misconduct alleged therein.

75.     3ABN Defendants deny the allegations contained in Paragraph 75 of the SAC.

76.     In response to Paragraph 76 of the SAC, 3ABN Defendants restate its answers to Paragraphs 1-75 of the SAC as if fully set forth herein.

77.     The allegations contained in Paragraph 77 of the SAC contain legal conclusions to which no response is necessary.  To the extent these allegations allege or imply any wrongdoing on the part of 3ABN Defendants, they are denied.

78.     3ABN Defendants deny the allegations contained in Paragraph 78 of the SAC.

79.     3ABN Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the SAC.

80.     3ABN Defendants deny the allegations contained in Paragraph 80 of the SAC.

81.     3ABN Defendants deny the allegations contained in Paragraph 81 of the SAC.

82.     3ABN Defendants deny the allegations contained in Paragraph 82 of the SAC.

83.      3ABN Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the SAC.

84.     3ABN Defendants deny the allegations contained in Paragraph 84 of the SAC.

85.     3ABN Defendants deny the allegations contained in Paragraph 85 of the SAC.

86.     3ABN Defendants deny the allegations contained in Paragraph 86 of the SAC.

87.     In response to the allegations contained in Paragraph 87 of the SAC, 3ABN Defendants admit that, to date, Adderley has not received payment from the CRUT, but denies the remaining allegations contained in Paragraph 87 of the SAC.

88.     3ABN Defendants deny the allegations contained in Paragraph 88 of the SAC.

89.     In response to Paragraph 89 of the SAC, 3ABN Defendants restate their answers to Paragraphs 1-88 of the SAC as if fully set forth herein.

90.     The allegations contained in Paragraph 90 of the SAC contain legal conclusions to which no response is necessary.  To the extent these allegations allege or imply any wrongdoing on the part of 3ABN Defendants, they are denied.

91.     3ABN Defendants deny the allegations contained in Paragraph 91 of the SAC.

92.     3ABN Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the SAC.

93.     3ABN Defendants deny the allegations contained in Paragraph 93 of the SAC.

94.     3ABN Defendants deny the allegations contained in Paragraph 94 of the SAC.

95.     3ABN Defendants deny the allegations contained in Paragraph 95 of the SAC.

96.     3ABN Defendants deny the allegations contained in Paragraph 96 of the SAC.

97.     3ABN Defendants deny the allegations contained in Paragraph 97 of the SAC.

98.     3ABN Defendants deny the allegations contained in Paragraph 98 of the SAC.

99.     3ABN Defendants deny the allegations contained in Paragraph 99 of the SAC.

100.    3ABN Defendants deny the allegations contained in Paragraph 100 of the SAC.

101.    3ABN Defendants deny the allegations contained in Paragraph 101 of the SAC.

102.    The Court has dismissed the counts encompassing paragraphs 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, and 121 of the SAC and, as such, 3ABN Defendants need not respond to them.  To the extent any response is required, 3ABN Defendants deny the allegations contained in these paragraphs, and are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the SAC.

103.    In response to Paragraph 122 of the SAC, 3ABN Defendants restate their answers to Paragraphs 1-121 of the SAC as if fully set forth herein.

104.    In response to the allegations contained in Paragraph 123 of the SAC, 3ABN Defendants admit Plaintiff holds the Bahamas property in a CRUT, but denies the remaining allegations contained in Paragraph 123 of the SAC.

105.    3ABN Defendants deny the allegations contained in Paragraph 124 of the SAC.

106.    3ABN Defendants deny the allegations contained in Paragraph 125 of the SAC.

107.    3ABN Defendants deny the allegations contained in Paragraph 126 of the SAC.

108.    In response to the allegations contained in Paragraph 127 of the SAC, 3ABN Defendants admit that 3ABN is trustee of the CRUT, but deny the remaining allegations contained in Paragraph 127 of the SAC.

109.    In response to the allegations contained in Paragraph 128 of the SAC, 3ABN Defendants admit that Adderley seeks various forms of relief in this action, but deny that he is entitled to the same.

110.    3ABN Defendants deny the allegations contained in Paragraph 129 of the SAC.

111.    The Court has dismissed the counts encompassing paragraphs 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, and 159 of the SAC and, as such, 3ABN Defendants need not respond to them.  To the extent any response is required, 3ABN Defendants deny the allegations contained in these paragraphs.

112.    In response to Paragraph 160 of the SAC, 3ABN Defendants restate their answers to Paragraphs 1-159 of the SAC as if fully set forth herein.

113.    The allegations contained in Paragraph 161 of the SAC contain legal conclusions to which no response is necessary.  To the extent these allegations allege or imply any wrongdoing on the part of 3ABN Defendants, they are denied.

114.    3ABN Defendants deny the allegations contained in Paragraph 162 of the SAC.

115.    3ABN Defendants deny the allegations contained in Paragraph 163 of the SAC.

116.    3ABN Defendants deny the allegations contained in Paragraph 164 of the SAC.

117.    3ABN Defendants deny the allegations contained in Paragraph 165 of the SAC.

118.    3ABN Defendants deny the allegations contained in Paragraph 166 of the SAC.

119.    In response to Paragraph 167 of the SAC, 3ABN Defendants restate their answers to Paragraphs 1-166 of the SAC as if fully set forth herein.

120.    The allegations contained in Paragraph 168 of the SAC contain legal conclusions to which no response is necessary.  To the extent these allegations allege or imply any wrongdoing on the part of 3ABN Defendants, they are denied.

121.    In response to the allegations contained in Paragraph 169 of the SAC, 3ABN Defendants admit 3ABN has incurred expenses building a road on the Property with Adderley's consent, but denies the remaining allegations contained in Paragraph 169 of the SAC.

122.     3ABN Defendants deny the allegations contained in Paragraph 170 of the SAC.

123.     3ABN Defendants deny the allegations contained in Paragraph 171 of the SAC.

124.     3ABN Defendants deny the allegations contained in Paragraph 172 of the SAC.

125.     3ABN Defendants deny the allegations contained in Paragraph 173 of the SAC.

126.     The Court has dismissed the counts encompassing paragraphs 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, and 227 of the SAC and, as such, 3ABN Defendants need not respond to them.  To the extent any response is required, 3ABN Defendants deny the allegations contained in these paragraphs.

127.     In response to Paragraph 228 of the SAC, 3ABN Defendants restate their answers to Paragraphs 1-227 of the SAC as if fully set forth herein.

128.     The allegations contained in Paragraph 229 of the SAC contain legal conclusions to which no response is necessary.  To the extent these allegations allege or imply any wrongdoing on the part of 3ABN Defendants, they are denied.

129.     The allegations contained in Paragraph 230 of the SAC contain legal conclusions to which no response is necessary.  To the extent these allegations allege or imply any wrongdoing on the part of 3ABN Defendants, they are denied.

130.    3ABN Defendants deny the allegations contained in Paragraph 231 of the SAC.

131.    3ABN Defendants deny the allegations contained in Paragraph 232 of the SAC.

132.    3ABN Defendants deny the allegations contained in Paragraph 233 of the SAC.

133.    3ABN Defendants deny the allegations contained in Paragraph 234 of the SAC.

134.    In response to the allegations contained in Paragraph 235 of the SAC, 3ABN Defendants deny there are any mistakes of fact or law that require correction by the Court.

135.    In response to Paragraph 236 of the SAC, 3ABN Defendants restate their answers to Paragraphs 1-235 of the SAC as if fully set forth herein.

136.    The allegations contained in Paragraph 237 of the SAC contain legal conclusions to which no response is necessary.  To the extent these allegations allege or imply any wrongdoing on the part of 3ABN Defendants, they are denied.

137.    3ABN Defendants deny the allegations contained in Paragraph 238 of the SAC.

138.    3ABN Defendants deny the allegations contained in Paragraph 239 of the SAC.

139.    In response to the allegations contained in Paragraph 240 of the SAC, 3ABN Defendants admit 3ABN engaged Lewis & Longley to prepare the Indentures of

Conveyance, but deny the remainder of the allegations contained in Paragraph 240 of the SAC.

140.    In response to the allegations contained in Paragraph 241 of the SAC, 3ABN Defendants admit Adderley presently appears to be legally blind, but deny the remaining allegations contained in Paragraph 241 of the SAC.

141.    3ABN Defendants deny the allegations contained in Paragraph 242 of the SAC.

142.    3ABN Defendants deny the allegations contained in Paragraph 243 of the SAC.

143.    3ABN Defendants deny the allegations contained in Paragraph 244 of the SAC.

144.    3ABN Defendants deny the allegations contained in Paragraph 245 of the SAC.

145.    3ABN Defendants deny the allegations contained in Paragraph 246 of the SAC.

146.    In response to the allegations contained in Paragraph 247, 3ABN Defendants deny that 3ABN purchased the Property from Plaintiff.

147.    In response to Paragraph 248 of the SAC, 3ABN Defendants restate its answers to Paragraphs 1-247 of the SAC as if fully set forth herein.

148.    The allegations contained in Paragraph 249 of the SAC contain legal conclusions to which no response is necessary.  To the extent these allegations allege or imply any wrongdoing on the part of 3ABN Defendants, they are denied.

149.    3ABN Defendants deny the allegations contained in Paragraph 250 of the SAC.

150.    In response to the allegations contained in Paragraph 251 of the SAC, 3ABN Defendants states that the terms of the CRUT speak for themselves, and deny any characterization of that instrument inconsistent with its terms.

151.    3ABN Defendants deny the allegations contained in Paragraph 252 of the SAC, and deny Plaintiff is entitled to any relief by this action.

152.    The Court has dismissed the counts encompassing paragraphs 253, 254, 255, 256, 257, 258, 259, and 260 of the SAC and, as such, 3ABN Defendants need not respond to them.  To the extent any response is required, 3ABN Defendants deny the allegations contained in these paragraphs.

153.    In response to Paragraph 261 of the SAC, 3ABN Defendants restate their answers to Paragraphs 1-260 of the SAC as if fully set forth herein.

154.    In response to the allegations contained in Paragraph 262 of the SAC, 3ABN Defendants admit Plaintiff is an 82-year-old veteran who presently appears to be legally blind.

155.    In response to the allegations contained in Paragraph 263, 3ABN Defendants deny fiduciary duties other than the duty of a trustee of the CRUT, and affirmatively allege Hunt and 3ABN appropriately discharged such duty.

156.    3ABN Defendants deny the allegations contained in Paragraph 264 of the SAC.

157.    3ABN Defendants deny the allegations contained in Paragraph 265 of the SAC.

158.    3ABN Defendants deny the allegations contained in Paragraph 266 of the SAC.

159.    3ABN Defendants deny the allegations contained in Paragraph 267 of the SAC.

160.    3ABN Defendants deny the allegations contained in Paragraph 268 of the SAC.

161.    3ABN Defendants deny the allegations contained in Paragraph 269 of the SAC.

162.    In response to the allegations contained in Paragraph 270 of the SAC, 3ABN Defendants admit Plaintiff's counsel sent 3ABN's counsel a letter dated August 17, 2018, which speaks for itself. 3ABN Defendants deny the letter satisfies Fla. Stat. § 772.11(1).

163.    In response to the allegations contained in Paragraph 271, 3ABN Defendants deny any wrongful conduct or failure, and affirmatively state there is no property to "return".

164.    3ABN Defendants deny the allegations contained in Paragraph 272 of the SAC.

165.    3ABN Defendants deny the allegations contained in Paragraph 273 of the SAC.

166.    In response to Paragraph 274 of the SAC, 3ABN Defendants restate their answers to Paragraphs 1-273 of the SAC as if fully set forth herein.

167.    3ABN Defendants deny the allegations contained in Paragraph 275 of the SAC.

168.    3ABN Defendants deny the allegations contained in Paragraph 276 of the SAC.

169.    In response to the allegations contained in Paragraph 277 of the SAC, 3ABN Defendants admit Plaintiff's counsel sent 3ABN's counsel a letter dated August 17, 2018, which speaks for itself.

170.    In response to the allegations contained in Paragraph 278, 3ABN Defendants deny any wrongful conduct or failure, and affirmatively state there is no property to "return".

171.    3ABN Defendants deny the allegations contained in Paragraph 279 of the SAC.

172.    3ABN Defendants deny the allegations contained in Paragraph 280 of the SAC.

173.    The Court has dismissed the counts encompassing paragraphs 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, and 328 of the SAC and, as such, 3ABN Defendants need not respond to them. To the extent any response is required, 3ABN Defendants deny the allegations contained in these paragraphs.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Second Amended Complaint fails to state a claim against 3ABN Defendants upon which relief can be granted.

2.      Plaintiff's Second Amended Complaint is barred for lack of subject matter jurisdiction, as set forth in 3ABN Defendants' Renewed Motion to Dismiss Plaintiff's Second Amended Complaint [D.E. 135, 169].

3.      Plaintiff's claims against 3ABN Defendants may be barred, in whole or in part, by estoppel, because Plaintiff has made statements and taken actions contrary to the allegations presented in the Second Amended Complaint, including but not limited to representations made to 3ABN's auditors, during a video interview with 3ABN, and through his counsel that concerns about the subject transaction had been ameliorated. Plaintiff has also presented testimony in this lawsuit that is contrary to the allegations of the Second Amended Complaint.  *See generally* 3/12/19 and 7/19/19 Depositions of D. Adderley.

4.      Plaintiff's claims against 3ABN Defendants may be barred by Plaintiff's failure to join a necessary party or parties, as set forth in 3ABN Defendants' Renewed Motion to Dismiss Plaintiff's Second Amended Complaint [D.E. 135, 169].  In addition, to the extent Plaintiff alleges 3ABN Defendants' are liable because the Bahamas property has not been sold, those allegations relate to the actions or inactions of the realtor chosen by Plaintiff, Adriana Gonzalez, and/or Charlie Beede, and/or others for whom 3ABN Defendants are not responsible, and over whom 3ABN Defendants have no control.

5.      Plaintiff's claims against 3ABN Defendants may be barred, in whole or in part, by failure to mitigate damages.  Plaintiff has filed, or caused to be filed, an affidavit concerning the Bahamas property, which constitutes a *lis pendens* notice that is preventing the marketing and sale of the property.  Yet, at the same time, Plaintiff's lawsuit contends 3ABN Defendants are liable because the Bahamas property has not been sold.  Plaintiff's actions have caused or contributed to any failure to sell the Bahamas property, and Plaintiff's claimed damages, if any, should be off-set by this failure.

6.      Plaintiff's claims against 3ABN Defendants may be barred, in whole or in part, by waiver or laches.  Plaintiff executed the CRUT and Indentures of Conveyance in 2011-2012.  Plaintiff knew or should have known of any claim against 3ABN Defendants at this time.  Plaintiff did not file suit, however, until August 2018 [D.E. 1].  Plaintiff's untimely pursuit of the claim set forth in the Second Amended Complaint constitutes unreasonable delay and neglect that is prejudicial to 3ABN Defendants.  Plaintiff also retained an attorney to undertake a review the transaction documents in 2016 who, upon completing such review, informed 3ABN Defendants that Plaintiff's concerns about the transaction had been ameliorated.

7.      Plaintiff's claims against 3ABN Defendants are barred, in whole or in part, by unclean hands, to the extent Plaintiff's claims relate to actions Plaintiff directed or instructed 3ABN to take.  By way of example, Plaintiff sought to make a charitable donation of the Bahamas property to 3ABN and requested that 3ABN facilitate that donation.  Plaintiff also represented that his property was worth $30 million, and demanded that Adriana Gonzalez broker the property.  The Second Amended Complaint, however,

alleges that Plaintiff did not wish to donate the Bahamas property but only a small portion of it.  The Second Amended Complaint also alleges that 3ABN Defendants should be liable because the Bahamas property has not been sold, despite the fact that Plaintiff insisted Adriana Gonzalez broker the property, and despite the fact that Plaintiff has filed, or caused to be filed, an affidavit concerning the Bahamas property constituting a *lis pendens* notice preventing the marketing and sale of the property.

8.      Plaintiff's claims against 3ABN Defendants are barred, in whole or in part, by Plaintiff's consent and/or ratification.  Plaintiff consented to establish the CRUT as evidenced by his signature on that instrument and other related transaction documents in 2011 and 2012.  Plaintiff expressly affirmed and ratified his decision to place the Bahamas Property into the CRUT in writing to 3ABN's auditors in 2013.  Plaintiff also retained an attorney to undertake a review the transaction documents in 2016 who, upon completing such review, informed 3ABN Defendants that Plaintiff's concerns about the transaction had been ameliorated.  Plaintiff's allegations in the Second Amended Complaint are inconsistent with his and/or his agents' consent and/or ratification.

9.      Plaintiff's damages, if any, were proximately caused by or contributed to by—and thus may be barred in whole or in part by—negligence, affirmative acts, or omissions of Plaintiff.  For example, Plaintiff indicated to 3ABN Defendants that he wanted to donate Bahamas property worth approximately $30 million to 3ABN, but neglected to inform 3ABN Defendants about the complications and uncertainties respecting his chain of title to the property.  In addition, Plaintiff insisted that 3ABN Defendants utilize the services of Adriana Gonzalez, who was not qualified to sell the

Bahamas property given its size, characteristics, and complicated background.  Moreover, Plaintiff has filed, or caused to be filed, an affidavit concerning the Bahamas property constituting a *lis pendens* notice preventing the marketing and sale of the property.  Yet, at the same time, Plaintiff's lawsuit contends 3ABN Defendants are liable for their failure to sell the property.  Plaintiff's actions have caused or contributed to any failure to sell the property.

10.     Plaintiff's damages, if any, were proximately caused by or contributed to by—and thus may be barred in whole or in part by—negligence, affirmative acts, or omissions of others over whom 3ABN Defendants had no control.  For example, to the extent Plaintiff alleges 3ABN Defendants' are liable because the property has not been sold, those allegations relate to the actions or inactions of the realtor chosen by Plaintiff, Adriana Gonzalez, and/or Charlie Beede, and/or others for whom 3ABN Defendants are not responsible, and over whom 3ABN Defendants have no control.

11.     Plaintiff's claims against 3ABN Defendants may be barred, in whole or in part, by superseding cause.  To the extent Plaintiff alleges 3ABN Defendants' are liable because the property has not been sold, those allegations relate to the actions or inactions of the realtor chosen by Plaintiff, Adriana Gonzalez, and/or Charlie Beede, and/or others for whom 3ABN Defendants are not responsible, and over whom 3ABN Defendants have no control.  Plaintiff has filed, or caused to be filed, an affidavit concerning the Bahamas property constituting a *lis pendens* notice preventing the sale of the property, which has caused or contributed to any failure to sell the property.  In addition, 3ABN Defendants do

not control real estate conditions or market forces in the Bahamas, or the timetable by which a sale of the property might occur.

12.  Plaintiff's claims against 3ABN Defendants are barred, in whole or in part, by applicable statutes of limitation, on grounds including but not limited to those set forth in 3ABN Defendants' Renewed Motion to Dismiss Plaintiff's Second Amended Complaint [D.E. 135, 169] and in 3ABN Defendants' Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment [D.E. 162, 197].

13.  Plaintiff's claims against 3ABN Defendants are barred, in whole or in part, by the local action rule, as set forth in 3ABN Defendants' Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment [D.E. 162, 197].

14.  Count  XXII (Civil Exploitation of Elderly And Disabled Adults) fails for lack of compliance with Fla. Stat. § 772.11(1) (as a precondition to suit the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section).

15.  Counts XXII (Civil Exploitation of Elderly And Disabled Adults) and XXIII (Civil Theft) fail because no "property" within the meaning of those laws was involved. The form of interest involved (control of real estate via a trust) is not within the scope of the statute as a matter of law.

16.  Plaintiff's damages, if any, are subject to reduction or set-off for amounts that Three Angels Broadcasting Network, Inc. has expended to improve the Bahamas property subject to this dispute.  By way of example, 3ABN incurred costs to have surveys

and appraisals created, and to develop a road on the property in order to facilitate sale of the property.

17.     Pursuant to Fla. Stat. § 772.11(1), 3ABN Defendants may be entitled to recover reasonable attorney's fees and court costs from Plaintiff, to the extent Plaintiff raised a claim that was without substantial fact or legal support.

18.     Plaintiff's claims against 3ABN Defendants may be barred, in whole or in part, by any or all of the affirmative defenses contemplated by the Federal Rules of Civil Procedure.  The extent to which Plaintiff's claims against 3ABN Defendants may be barred by one or more affirmative defenses, which are not specifically set forth above, cannot be determined until 3ABN Defendants have had an opportunity to complete discovery. Therefore, 3ABN Defendants hereby incorporate all affirmative defenses contemplated by the Federal Rules of Civil Procedure as if fully set forth herein.  Further, 3ABN Defendants reserve the right to assert additional affirmative defenses in the event that discovery or other investigation indicates that they would be appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, 3ABN Defendants request judgment of the Court as follows:

1.     For an Order and Judgment dismissing Plaintiff's claims against 3ABN Defendants;

2.     For an award to 3ABN Defendants of interest, expenses, and costs; and

3.     For such other and further relief as the Court may deem just and equitable under the circumstances.

3ABN DEFENDANTS HEREBY DEMAND A TRIAL BY JURY.

*/s/Raymond L. Robin*
Raymond L. Robin (FBN: 613835)
KELLER LANDSBERG PA
Broward Financial Centre
500 East Broward Boulevard, Suite 1400
Fort Lauderdale, FL 33394
Telephone:  (954) 761-3550
Email:raymond.robin@kellerlandsberg.com
Email:rita.vanarsdale@kellerlandsberg.com

and

M. Gregory Simpson, Esq.*
Timothy R. Schupp, Esq.*
Robert W. Vaccaro, Esq.*
Meagher & Geer, P.L.L.P.
33 South Sixth Street, Suite 4400
Minneapolis, Minnesota 55402
Phone: (612) 337-9672
Email: gsimpson@meagher.com
Email: tschupp@meagher.com
Email: rvaccaro@meagher.com
**Counsel for Defendants**

*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **17th** day of **January, 2020,** I electronically filed

the foregoing with the Clerk of the Court by using the CM/ECF system which will send a

notice to all counsel of record listed on the attached Service List.

*/s/Raymond L. Robin*
Raymond L. Robin (FBN: 613835)

<u>**SERVICE LIST**</u>

Diane J. Zelmer, Esq.
Ross D. Kulberg, Esq.
Glen M. Lindsay, Esq.
Saavedra | Goodwin
312 S.E. 17th Street, 2nd Floor
Fort Lauderdale, Florida 33316
Phone: (954) 767-6333
Email: dzelmer@saavlaw.com;
rkulberg@saavlaw.com;
glindsay@saavlaw.com;
eservice@saavlaw.com
***Counsel for Plaintiff***

S. Jonathan Vine, Esq.
Ryan M. Ranson, Esq.
Cole, Scott & Kissane, P.A.
22 Lakeview Ave., Suite 120
West Palm Beach, Florida 33401
Phone: (561) 383-9200
Email: jonathan.vine@csklegal.com;
ryan.ranson@csklegal.com
***Counsel for Defendant Richard Barry Benton, Esq.***