United States District Court
for the
Southern District of Florida

| | |
|---|---|
| David Lawrence Adderley, Plaintiff, <br><br> v. <br><br> Three Angels Broadcasting Network, Inc. and others, Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 18-23362-Civ-Scola <br> ) <br> ) <br> ) |

**Order Denying Plaintiff's Motion for Reconsideration**

This matter is before the Court on Plaintiff's motion for reconsideration of the Court's Omnibus Order on Defendants' Motions to Dismiss. (ECF Nos. 211, 212.)[1] The Defendant filed a response. (ECF No. 221.) The motion is now ripe for the Court's review.

**I.   Background**

This case involves a dispute over a trust prepared in 2011. (ECF No. 68 at ¶ 5.) According to the allegations in the complaint, Plaintiff Adderley owned over 400 acres of vacant land in The Bahamas. (*Id.* at ¶ 13.) As a devout member of the Seventh Day Adventist Church, Adderley wished to donate a small portion of his property in The Bahamas to the Seventh Day Adventist Church to build a sanctuary and for other religious purposes. (*Id.* at ¶ 14.) Adderley is legally blind. (*Id.* at ¶ 3.)

Adderley worked with 3ABN, a charitable organization, to facilitate and structure his donation. (*Id.* at ¶15.) 3ABN retained Defendant Benton, a Georgia attorney, to prepare a charitable remainder unitrust (the "Trust") for 3ABN's benefit, rather than the intended purpose. (*Id.* at ¶ 19.) On August 22, 2011, Adderley signed the Trust. The Trust transferred Adderley's property to the Trust and identifies 3ABN as the charity that will receive 100% of the charitable distribution upon his death. (*Id.* at ¶ 25.) The 3ABN Defendants and Benton did not disclose to Adderley the true contents of the Trust. According to the complaint, Adderley did not know that he was signing an irrevocable Trust or any trust instrument. (*Id.* at ¶ 23.) Based on 3ABN's misrepresentations, Adderley also signed three indentures of conveyance which conveyed part of his

---

[1] The Plaintiff filed a sealed version (ECF No. 211) and an unsealed version (ECF No. 212) of the motion for reconsideration. The Court has not cited to any of the sealed material and therefore this Order is unsealed.

property to the Trust in exchange for $150,000. (*Id.* at ¶ 41.) Adderley's property is valued at $22.9 million. (*Id.* at ¶ 41.) Adderley never received $150,000 for his property. (*Id.*)

Adderley did not discover the Defendants' fraud until 2016 when he hired a Florida attorney to review the Trust documents because he was interested in selling his property. (*Id.* at ¶ 62.) The Plaintiff's 28-count Second Amended Complaint was dismissed in part by the Court's Omnibus Order granting the Defendants' motion to dismiss. (ECF No. 204.) The Plaintiff now moves to reconsider the Court's Order.

## II. Legal Standard

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, No. 04-20520, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.* "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.).

Further, requests for leave to amend a pleading are usually governed by Federal Rule of Civil Procedure 15. However, when the deadline to amend the pleadings has passed, Rule 16(b) applies. *Regions Bank v. Commonwealth Land Title Ins. Co.*, No. 11-23257, 2012 WL 6553966, at *1 (S.D. Fla. Dec. 14, 2012) (Scola, J.). Under Rule 16(b), a Court may allow an amendment to the pleadings upon a showing of good cause. *Sosa v. Airprint Sys., Inc.*, 144 F.3d 1417, 1418 (11th Cir. 1998). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* (citations and quotations omitted).

## III. Analysis

### A. Adderley's Arguments on Reconsideration

The Court finds no occasion to revisit its ruling. First, the Plaintiff argues that the Court should reconsider its decision to dismiss the breach of fiduciary

duty counts based on the statute of limitations because they are continuing torts. (ECF No. 211 at 2.) Neither the Plaintiff's Second Amended Complaint nor the Plaintiff's response to the Defendants' motion to dismiss makes this argument. The Plaintiff's Second Amended Complaint has a section titled "Continuing Conversion/Fraud." (ECF No. 68 at 18.) This section does not address breach of fiduciary duty. The Plaintiff's response to the Defendants' motion to dismiss also includes a section tiled "Continuing Torts." (ECF No. 153 at 25.) Like the complaint, that section does not reference the breach of fiduciary duty counts. (*Id.* at 25-26.) Because the Plaintiff failed to raise these arguments before, they are deemed waived. *See Vila*, 2005 WL 6104075 at *1.

The Plaintiff also argues that he has "recently obtained newly discovered evidence" related to the Plaintiff's allegations that the Defendants stalled or prevented the sale and conversion of Adderley's property to marketable assets. (ECF No. 211 at 5.) The Plaintiff points to an expert report which appraises the value of the property at $6.8 million, rather than the $32 million used by the Defendants to list the property. This "evidence" does not change the Court's ruling. Paragraph 200 of the Plaintiff's complaint alleges that the Defendants failed to sell the property. This allegedly new fact adds color to the allegations in paragraph 200 but does not change the fact that the Plaintiff never raised the continuing torts doctrine in relation to its claims for breach of fiduciary duty.

The Plaintiff next argues that the Court should reconsider its decision to dismiss the tolling doctrine because the Plaintiff is not required to plead due diligence. Again, the Plaintiff failed to raise this in its response to the Defendant's motion to dismiss. The Plaintiff's argument in response to the Defendant's argument on this issue was that the question of due diligence must be resolved by the trier of fact. (ECF No. 153 at 22.) Because the Plaintiff failed to raise this argument before, it is deemed waived. *See Vila*, 2005 WL 6104075, at *1.

The Plaintiff puts forth two additional arguments with regard to the due diligence issue. First, he argues that there is a "less demanding" standard for an injured person to exercise due diligence where the Defendants owe a fiduciary duty to the Plaintiff. This is the first time the Plaintiff puts forth this "less demanding standard" theory. Not only is this a new theory, but the Plaintiff has not explained what this "less demanding standard" entails or if he has met it. The Court declines to reconsider its ruling based on this newly asserted theory. Lastly, the Plaintiff asserts that the Court misunderstood the Second Amended Complaint as it does indeed contain allegations of the Defendants' exclusive or superior knowledge and deceptive and secret methods of concealing their fraud. (ECF No. 211 at 7.) The Plaintiff explains that the Defendants misrepresented the documents to him and this was their act of concealment. Furthermore, the Plaintiff asserts that although he did not hire them, the Defendants were acting

in a fiduciary capacity and should not have misrepresented the contents of the Trust documents. (ECF No. 211 at 9.) As previously held, "simple reliance on a misrepresentation is not enough to delay the accrual of fraud claims because a party has a duty of reasonable due diligence." *Paredes v. Bank of Am., N.A.*, 2018 WL 1071935 (M.D. Fla. Feb. 27, 2018). And "mere non-disclosure" is also insufficient to plead fraudulent concealment. *Razor Capital, LLC v. CMAX Finance LLC*, No. 17-80388, 2017 WL 3481761, at *5 (S.D. Fla. Aug. 14, 2017) (Marra, J.). Accordingly, the Court declines to reconsider its Order on the Defendants' motion to dismiss.

### B. Adderley's Alternative Request for Leave to Amend

In a final attempt to evade the Court's Order, the Plaintiff requests leave to amend his complaint. (ECF No. 221 at 12.) The deadline to amend the pleadings was March 4, 2019. (ECF No. 51.) When the deadline to amend the pleadings has passed, the Court must determine whether Rule 16(b)'s good cause standard has been met before allowing the amendment. *See Regions Bank*, 2012 WL 6553966 at *1. "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 144 F.3d at 1418.

Notably, the Plaintiff makes no mention of Rule 16. Moreover, the Court does not find good cause to allow the Plaintiff's amendment in this case. The majority of the allegations proposed by the Plaintiff were available to him at the time the complaint was filed. (ECF No. 211 at 10-11.) To the extent the Plaintiff seeks to include allegations based on information obtained during discovery, these allegations do not cure the pleading deficiencies in the Plaintiff's complaint. Accordingly, the Court denies the Plaintiff's motion to amend.

### IV. Conclusion

Reconsideration motions may not used "to permit losing parties to prop up arguments previously made or to inject new ones," nor "to relieve a party of the consequences of its original, limited presentation." *Regions Bank*, 2012 WL 6553966 at *3. As Plaintiff's request for reconsideration seeks to do no more than that here, the Court finds no cause to revisit its prior decision. The Plaintiff's motion is denied. (**ECF Nos. 211, 212.**)

**Done and ordered** at Miami, Florida on January 31, 2020.

Robert N. Scola, Jr.
United States District Judge