United States District Court
for the
Southern District of Florida

| David Lawrence Adderley, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 18-23362-Civ-Scola |
| Three Angels Broadcasting Network, Inc. and others, Defendants. | ) ) ) ) | |

**Order on Magistrate Judge's Report and Recommendation**

This matter was referred to United States Magistrate Judge Edwin G. Torres for a report and recommendation on Defendant Richard Barry Benton's motion to tax costs (ECF No. 215). (Order, ECF No. 218.) On January 30, 2020, Judge Torres issued a report, recommending that the Court grant in part and deny in part the motion and award the Defendant costs in the amount of $12,745.01. (R. & R., ECF No. 224.) The Defendant filed objections to the report (ECF No. 235) to which the Plaintiff responded (ECF No. 242). The Court therefore reviewed de novo the portions of Judge Torres's report to which the Defendant objected, *see* 28 U.S.C. § 636(b), and has reviewed the remaining portions of the report for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Upon the Court's review of the record, the parties' briefs, and the relevant legal authorities, the Court **adopts in part** and **declines to adopt in part** the report and recommendation (**ECF No. 224**) and **grants in part** and **denies in part** the Defendant's motion to tax costs (**ECF No. 215**).

I. **Procedural Background**

This Court entered judgment in favor of the Defendant on January 13, 2020 (ECF No. 216) after granting the Defendant's motion to dismiss the complaint (ECF No. 204). Rule 54(d)(1) of the Federal Rules of Civil Procedure allows prevailing parties to recover costs, and there is a presumption in favor of awarding costs. *Watson v. Lake Cty.*, 492 F. App'x 991, 996 (11th Cir. 2012). However, the Court "may only tax costs as authorized by statute," which in this case is 28 U.S.C. § 1920. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). In challenging requested costs, the non-prevailing party "bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (Dimitrouleas, J.).

The Defendant filed a motion to tax costs against the Plaintiff for: (1) the costs for deposition transcripts and court reporter fees; (2) the costs associated with having certain subpoenas served; (3) the costs associated with expert witnesses; and (4) the costs associated with in-house photocopies. (Mot., ECF No. 215 at 7.) Initially, the Defendant sought a total of $41,552.91 plus interest. However, in his objection to the report and recommendation, the Defendant modified his claim and now seeks an award of $18,961.47 plus interest. (ECF No. 235 at 10.) The Court has reviewed the Defendant's adjustments and has considered all of the filings provided by the parties in making its determination.

The entirety of the Defendant's objection concerns the recommendation that the Defendant be awarded only 66%, or $12,514.57, of his desired award of $18,961.47 for deposition transcript costs and court reporter fees. (ECF No. 224 at 9-10, 14.) The Defendant did not object to the sound recommendation that the Court deny his request for $22,361.00 in fees and costs associated with expert witnesses, and neither party objected to the recommendation that the Defendant be awarded $180 for subpoena fees and $50.44 for photocopying costs. In his motion, the Defendant identified 20 fact witnesses whose depositions factored into the total amount of the award sought. (ECF No. 215.) The Defendant also enclosed invoices substantiating his costs. (ECF No. 215-1.) However, the report and recommendation recommended awarding 66% of the deposition costs because the Defendant failed to show why each particular transcript was necessary for his defense. (ECF No. 224.)

## II. Analysis

To begin, a prevailing party may recover deposition transcript costs under 28 U.S.C. § 1920(2), which states that a court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." "The question of whether costs of a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" *W&O, Inc.,* 213 F.3d at 620-21. The answer to that question must come from the non-prevailing party, who "bears the burden of showing that specific deposition costs or a court reporter's fee [were] not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Monelus,* 609 F. Supp. 2d at 1337.

As the report observed, the "Plaintiff failed to provide any argument challenging any particular cost requested in [the Defendant]'s application." (ECF No. 224 at 8 (noting further that "[u]nder Local Rule 7.3, the failure to timely raise any challenge allows us to award in toto all the costs requested") (citation omitted).) While the Plaintiff opposed the motion for costs on principles of equity, which were properly rejected by Judge Torres as unsupported by controlling law,

the Plaintiff did not sufficiently oppose the specific costs requested by the Defendant. In his response to the objection, the Plaintiff argued that even though the burden is on the losing party to demonstrate that a cost is not taxable, "the prevailing party 'still bears the burden of submitting a request for [costs] that [will] enable the Court to determine what [costs] were incurred and whether [the prevailing party] is entitled to them.'" (Resp., ECF No. 242 at 5 (quoting *Ferguson v. N. Broward Hosp. Dist.*, Case No. 18-CIV-61606, 2011 WL 3583754, at *3 (S.D. Fla. Aug. 15, 2011) (Cohn, J.) (internal citation omitted)).) The Plaintiff's reliance on *Ferguson* is misplaced. The rule that *Ferguson* discussed applies solely to photocopying costs. As the next sentence of *Ferguson* explains, "[t]his is because the knowledge regarding the proposed copy charge is a matter within the exclusive knowledge of the prevailing party." (*Id.* (citation omitted).) By contrast,

> Because the parties presumably have equal knowledge of the basis for each deposition, unlike costs relating to photocopies, the non-prevailing party bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition.

*Monelus*, 609 F. Supp. 2d at 1337. While a non-prevailing party is not expected to bear the initial burden of disproving the necessity of any given photocopy, the same is not so for depositions. The Plaintiff had, and failed to satisfy, his burden of showing that the depositions costs at issue were not taxable.

### III. Conclusion

Upon a de novo review, the Court agrees with Judge Torres that the Defendant cannot recover $22,361.00 in fees and costs associated with expert witnesses. However, the Defendant is permitted to recover $19,191.9 for deposition costs of $18,961.47, subpoena costs of $180, and $50.44 for photocopying costs, plus interest. The Court **adopts in part** and **declines to adopt in part** the report and recommendation (**ECF No. 224**). The Court **grants in part and denies in part** the Defendant's Motion to Tax Costs (**ECF No. 215**). The Court awards **$19,191.91** in costs to the Defendant to be paid by the Plaintiff, along with interest at the statutorily prescribed rate from the date of entry of judgment, for which sum let execution issue. *See* 28 U.S.C. § 1961.

**Done and ordered** in chambers, at Miami, Florida, on April 8, 2020.

_____
Robert N. Scola, Jr.
United States District Judge